# MAY, 1906.

### Eastin & Knox v. Texas & Pacific Railway Company.

#### No. 1537. Decided May 2, 1906.

**1.—Removal of Causes—Joinder of Parties—Fraud on Jurisdiction.**

The joinder as defendant with a federal corporation of one against whom no cause of action was alleged would not prevent the corporation from removing the suit to the Federal Court; nor would the joining of such codefendant fraudulently, for the purpose of preventing the removal, have that effect; but in the latter case it is not sufficient for the removing party to allege such fraudulent intent, as a mere conclusion, without stating the facts warranting it. (Pp. 658, 659.)

**2.—Principal and Agent—Joint Wrongdoers.**

For mere neglect of an agent the principal only is liable; but for the doing of a wrongful act by the agent, acting for his principal, both are liable, and may be sued jointly. (P. 659.)

**3.—Same—Removal of Causes.**

Plaintiff having charged a railway company incorporated by Act of Congress, jointly with its agent, with refusing, under circumstances constituting duress of plaintiff's property, to ship his cattle by the most direct route to their destination, and compelling him to accept a routing over roundabout lines, an application by defendants to remove the cause to the Federal Court on the ground that the company was a federal corporation, and that no cause of action was alleged against its codefendant, but that he was fraudulently joined for the purpose of preventing the removal, was properly refused. (Pp. 657–659.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Parker County.

Eastin & Knox sued the railway company and its agent, Tucker, and had judgment. The defendants appealed, and from a ruling sustaining their contention that the trial court had been deprived of jurisdiction by their application to remove to the Federal Court, appellees prosecuted error.

*Thomas D. Sporer,* for plaintiffs in error.—The court erred in holding that the District Court should have removed this cause to the Federal Circuit Court. Texas & P. Ry. Co. v. Huber, 75 S. W. Rep., 547. That the mere allegation of fraudulent joinder of defendants when plaintiff's petition shows cause of action against defendants is insufficient, see: Ayles v. Southern Ry. Co., 88 S. W. Rep., 1048; Southern Ry. Co. v. Sittasen, 74 N. E. Rep., 898.

The Court of Civil Appeals erred in holding that the District Court had no right to ascertain from plaintiff's petition whether or not a joint cause of action was stated against Tucker. Chicago, R. I. & P. Ry. Co. v. Martin, 178 U. S., 245; Powers v. Chesapeake & O. Ry. Co., 169 U. S., 92; Chesapeake & O. Ry. Co. v. Dixon, 179 U. S., 131; Daugherty v. Yazoo & M. V. Ry. Co., 58 Circuit Ct. App., 651; American Bridge Co. v. Hunt, 64 Circuit Ct. App., 548; Oakley v. Goodnow, 118 U. S., 43; Plymoth Gold Min'g Co. v. Amador and Sac. Canal Co., 118 U. S., 264.

The court erred in holding that the District Court, in ascertaining as a matter of law whether or not a joint cause of action was stated against the agent, Tucker, and the Texas & Pacific Ry. Co., was bound solely by the allegations in the appellant company's petition for removal, and that this issue was triable solely in the Federal Court. In addition to authorities cited to the preceding assignment, the court is cited to the following cases: Rutherford v. Illinois Cent. Ry. Co., 85 S. W. Rep., 199; Illinois Cent. Ry. Co. v. Jones, Admr., 80 S. W. Rep., 484; Winston v. Illinois Cent. Ry. Co., 65 S. W. Rep., 13; Chesapeake & O. Ry. Co. v. Dixon's Adm'x, 47 S. W. Rep., 615.

The court erred in reversing and remanding the said cause because the plaintiffs' original petition stated a joint action against the appellants, and Tucker being a resident of the state and the allegations in said petition showing that the action against him was real and not fraudulent, and said Tucker not having any defense depending on the federal law or under the Constitution, etc. Texas. & P. Ry. Co. v. Huber, 75 S. W. Rep., 547; Chicago, R. I. & P. Ry. Co. v. Martin, 178 U. S., 245.

In order that such joinder should be regarded as fraudulent, it must be alleged in the petition for removal not only that it was made for the purpose of avoiding the jurisdiction of the Federal Court, but also that the plaintiff's averments of joint liability are unfounded in fact, and were not made in good faith with the expectation of proving them at the trial. Warax v. Cincinnati, etc., Ry. Co., 72 Fed. Rep., 640; Illinois Cent. Ry. Co. v. Le Blanc, 74 Miss., 643, holding that the mere allegation of fraudulent joinder, which is quoted in the opinion, was not

sufficient; Bowley v. Richmond, etc., Ry. Co., 110 N. C., 317. See also Louisville, etc., Ry. Co. v. Wangelin, 132 U. S., 603; Chesapeake, etc., Ry. Co. v. Dixon, (Ky., 1898), 47 S. W. Rep., 615; Little v. Giles, 118 U. S., 596, 18 Ency. Pldg. & Prac., 202, and note 6; Craswell v. Gelanger, 56 Fed. Rep., 529; Doremus v. Root, 94 Fed. Rep., 760.

It can not now be questioned that, if plaintiffs had the right to bring a joint action against the company and its agent, their motive or purpose in so doing is immaterial. Louisville, etc., Railroad Co. v. Wangelin, 132 U. S., 599; Torrence v. Shedd, 144 U. S., 527.

*H. C. Shropshire,* for defendant in error.—A corporation created and organized under an Act of Congress, or deriving its corporate powers and existence from congressional legislation, is entitled to remove to a Federal Court any suit brought against it in a State Court, on the ground that such suit is one arising under the laws of the United States. Texas & P. Ry. Co. v. Watson, 43 S. W. Rep., 1060; Texas & P. Ry. Co. v. Davis, 55 S. W. Rep., 562; Texas & P. Ry. Co. v. Kirk, 115 U. S., 1; Butler v. National Home, 144 U. S., 64; Texas & P. Ry. Co. v. Cox, 145 U. S., 593; Supreme Lodge K. of P. v. Hill, 76 Fed. Rep., 468; Allen v. Texas & P. Ry. Co., 25 Fed. Rep., 513; Union Pac. Ry. Co. v. McComb, 1 Fed. Rep., 799; Cruikshank v. Fourth Nat. Bank, 16 Fed. Rep., 888.

A suit by and against a federal railroad corporation is a suit arising under the laws of the United States, and such suit is removable. Texas & P. Ry. Co. v. Cody, 166 U. S., 609, and authorities cited.

The Circuit Courts of the United States have jurisdiction, without reference to the citizenship of the parties, of suits at common law or in equity arising under the Constitution or laws of the United States, and such suits are removable. Cummings v. City of Chicago, 188 U. S., 426; Lund v. Chicago, R. I. & P. Ry. Co., 78 Fed. Rep., 385.

When a suit is cognizable in the courts of the United States on account of the nature of the controversy it may be removed without regard to the character of the parties. Ames v. Kansas, 111 U. S., 449; Southern Pac. Ry. Co. v. California, 118 U. S., 109; Texas v. Texas & P. Ry. Co., 3 Woods (U. S.), 308; Illinois v. Illinois Cent. Ry. Co., 33 Fed. Rep., 721.

And the right of removal is not defeated because other defendants are joined against whom the suit may be maintained without reference to the federal laws. Lund v. Chicago, R. I. & P. Ry. Co., 78 Fed. Rep., 385.

Where ground for removal is based on a federal question and the amount in dispute exceeds $2,000, exclusive of interest and costs, the cause can be removed to the Federal Court, even though a party be joined in the suit as defendant who is not affected by the federal question, if all the defendants join in the petition to remove. Act of Congress, March 3, 1887, pertaining to removal of cases; Texas & P. Ry. Co. v. Young, 27 S. W. Rep., 145; Bloom v. Texas & P Ry. Co., 85 Texas, 285; Dillon on Removal of Causes (5th ed.), sec. 80. p. 95; Mayor v. Independent Steamboat Co., 21 Fed. Rep., 593; Miller v. Le Mars Nat. Bank, 116 Fed. Rep., 551; Martin v. Chicago, R. I. & P. Ry. Co., 178 U. S., 245; Scott v. Choctaw Ry. Co., 112 Fed. Rep., 180.

When a federal question forms an ingredient in the original cause, it is removable, even though other questions of fact and law may be involved in it. People v. Sanitary Dist. of Chicago, 98 Fed. Rep., 150; Railway Co. v. Mississippi, 102 U. S., 135; Omaha Horse Ry. Co. v. Cable Tramway Co., 32 Fed. Rep., 729.

After a good and sufficient petition for the removal of a cause from the State Court, where it is pending, to the United States Circuit Court, has been filed in the former court, it can enter no further order and take no further action in such cause, hence it was error for the trial court to refuse to remove this case. 25 Fed. Stat. L., 435, sec. 3, Act March 3, 1875; Blum v. Thomas & Germany, 60 Texas, 160; New Haven & N. C. Ry. Co. v. Koontz, 104 U. S., 14; National Steamship Co. v. Tugman, 106 U. S., 122; Railway Co. v. State of Mississippi, 102 U. S., 135; Kanouse v. Martin, 15 How. (U. S.), 198.

It is now settled by the United States Supreme Court that the petition for removal presents to the State Court a pure question of law, and that issues of fact thereon can be tried only in the United States Circuit Court. Kansas City Ry. Co. v. Daughtry, 138 U. S., 303; Crehore v. Ohio & M. Ry. Co., 131 U. S., 240; Burlington, etc., Ry. Co. v. Dunn, 122 U. S., 513; Stone v. State South Carolina, 117 U. S., 430; Texas & P. Ry. Co. v. Davis, 93 Texas, 378.

A state court can not inquire into and decide issues of fact made upon the petition for removal, and where the petition for removal makes a prima facie case in its averments of fraudulent joinder, the State Court is thereupon deprived of jurisdiction; hence it was error for the State Court to refuse to remove this case to the Circuit Court of the United States for the Northern District of Texas. Arrowsmith v. Nashville & D. Ry. Co., 57 Fed. Rep., 170, and cases last above cited.

GAINES, CHIEF JUSTICE.—This suit was brought in the District Court of Parker County, Texas, by the plaintiffs in error against the Texas & Pacific Railway Company, a corporation chartered by virtue of an Act of the Congress of the United States, and J. M. Tucker, its agent, a resident of the State of Texas, to recover damages alleged to have resulted from the shipment of cattle from Strawn, Texas, a station on the line of the defendant company, destined to Tulsa, Indian Territory, a station on the line of the St. Louis & San Francisco Railway Company. It was alleged in the petition that the cattle were brought to Strawn and were delivered to Tucker, as the agent of the defendant company, to be shipped by the shortest and most expeditious route to the point named; that after the cattle had been about loaded on the cars, Tucker then presented a bill of lading for the transportation of the cattle to Paris, Texas, and thence over the lines of the St. Louis & San Francisco Railway Company to Monette, Missouri, and thence to Tulsa. It was alleged that the plaintiffs declined to sign the bill of lading and demanded that the cattle should be carried over the Texas & Pacific Railroad to Fort Worth, or to Sherman and thence over the Red River, Texas & Southern Railroad to its connection with the St. Louis & San Francisco Railroad, and thence by that railroad to the point of destination,

and that this was the shortest and most expeditious route; but that Tucker, the agent, positively refused to do this, and that under certain circumstances alleged they were compelled to sign as demanded. The circumstances· alleged were sufficient in our opinion to show, that in signing the bill of lading the plaintiffs acted under duress. It was further averred, in substance, that by reason of the longer haul, the cattle were damaged and for this damage the suit was brought.

In due time, defendant, the Texas & Pacific Railway Company, filed a petition for the removal of the cause to the Circuit Court of the United States. In this petition its codefendants joined. The defendant company in the first place claimed the right of removal by virtue of its incorporation under an Act of the Congress of the United States and, according to the decisions of the Supreme Court of the United States, would clearly have had that right, had it been the sole defendant. It was also alleged in the petition for removal, that the defendant, Tucker, was fraudulently joined as a defendant for the purpose of preventing a removal to the United States Court. Since in our opinion the decision of the case in this court depends upon the question of a fraudulent joinder, we copy the allegations in the petition for removal in reference to that matter as follows: "This petitioner says that plaintiffs aver that J. M. Tucker, in shipping the cattle, acted for and was the agent of the Texas & Pacific Railway Company. This petitioner says that the said Tucker was its local station agent and acted for it as agent, and not in any other capacity, and was not and is not a proper party to this suit. The plaintiffs do not, in their petition, state any cause of action against him. They improperly and wrongfully joined him with this petitioner in this case for the sole and only purpose of preventing this petitioner, the Texas & Pacific Railway Company, from removing this case to the United States Circuit Court, which said joinder of said J. M. Tucker was done fraudulently for the purpose of preventing said removal and is a fraud on the jurisdiction of the United States Circuit Court for the Northern District of Texas. That this suit against this defendant, the Texas & Pacific Railway Company, is a suit arising under the laws of the United States, and more especially under the laws of the United States, constituting the charter of this defendant, and under which it was incorporated, that is to say, the said Act of Congress of the United States, approved March 3, 1871, entitled 'An Act to incorporate the Texas & Pacific Railway Company, and to aid in the construction of its road, and for other purposes,' and Acts amendatory thereof and supplemental thereto, approved respectively on May 2, 1872, March 3, 1873, and June 22, 1874."

We think it clear, that the joinder of a party in a suit of this character, against whom no cause of action is alleged, presents no obstacle to a removal, by a codefendant, who, if sued alone, would be entitled to remove the case. But as we understand the rulings of the Supreme Court of the United States, where a cause of action is stated against a defendant who is claimed to be made a party in order to defeat a removal, the petition must allege the facts which show the fraudulent purpose. For example if in this case the petition had alleged that the allegation in plaintiffs' petition, that Tucker was the agent of the defendant com-

pany in shipping the cattle, was not true and was fraudulently inserted in order to prevent a removal of the cause, it would have carried the case to the United States Court, where, upon a denial of the fraud by the plaintiffs and a motion to remand, the issue would have been tried and determined. (Louisville, etc., R. R. Co. v. Wangelin, 132 U. S., 599; Chesapeake Ry. Co. v. Dixon, 179 U. S., 131.) But the petition for removal in this case contains no allegation of any fact whatever from which the conclusion can be reached that defendant Tucker was fraudulently joined as a defendant. The statement of a conclusion of law is not sufficient. Therefore if the petition of the plaintiffs states a case which shows a cause of action against the defendant Tucker, which case could be properly joined with the action against the defendant company, the petition for removal was not sufficient to deprive the State Court of its jurisdiction. It seems to us therefore the questions to be determined are: Does the plaintiffs' petition state a cause of action against defendant Tucker? and was the plaintiff entitled to sue both defendants in the same suit? The first is the important question in the case here presented.

Where the agent is empowered to perform a duty for his principal and neglects to perform it, and damage accrues from the failure, the agent is not responsible, though the principal may be. (Labadie v. Hawley, 61 Texas, 177.) But where the agent acting for his principal does a wrongful act and damages result to a third person, both are responsible. (Baker v. Wasson, 53 Texas, 150.)

That there was a liability in the case made by the plaintiffs' petition, we have no doubt. The wrongful act was done by Tucker, the agent, and for his act not only was he liable but his principal was liable because it was done in the prosecution of the company's business. They were joint tort feasors, and were suable separately or jointly at the election of the plaintiff.

That defendant Tucker could not give the United States Circuit Court jurisdiction of the case by joining in the petition of its codefendant we have this day decided in the case of the Texas & Pacific Railway Company against Huber.

The Court of Civil Appeals, as they had the right to do, in the exercise of a sound discretion, when they reached the conclusion that the jurisdiction had been taken away, declined to pass upon the merits of the appeal. Until they have acted upon the other assignments of error in that court, we can not determine the case. (Oriental Investment Co. v. Barclay, 93 Texas, 425.) Therefore the judgment of the Court of Civil Appeals will be reversed and the cause remanded to that court for a decision of the other questions presented by the appeal.

*Reversed and remanded to Court of Civil Appeals.*