First National Bank of Belleville, Illinois, v. Alice B. Glaser
ET AL.

Decided May 4, 1907.

**Removal of Causes—Practice.**

A State court, in which is properly brought an action to recover land by a resident of this State from a resident of another State, can not determine the issue of fact as to the value of the land in dispute, raised by the petition for removal by the non-resident defendant. The filing of such petition and bond ipso facto removes the cause to the Federal Court, where said issue must be tried and determined.

Appeal from the District Court of Lubbock County. Tried below before Hon. L. S. Kinder.

*Geo. L. Beaty,* and *Cowan, Burney & Goree,* for appellant.— When a petition for bond for removal is filed as in this case where the diverse citizenship of the parties plaintiff and defendant are shown by the pleadings, and where such petition sets forth that the value of the matter in dispute exceeds, exclusive of the interest and costs, the sum of $2,000, the matter in dispute being property, and having no fixed value (as in case where a definite debt is sued for and the pleadings conclusively show the matter in dispute does not exceed $2,000), the case, unless the bond is disapproved, is removed *ipso facto* and the State court can not try the issue of fact as to the amount involved and grant or refuse the petition upon its findings on this issue. Texas & P. Ry. Co. v. Easton & Knox, 89 S. W. Rep., 440; New York & Texas Land Co. v. Martin, 25 S. W. Rep., 475; Stone v. South Carolina, 117 U. S., 430.

No brief for appellees.

SPEER, Associate Justice.—Alice B. Glaser, joined *pro forma* by her husband, B. G. Glaser, sought to recover by an amended

original petition, in the form of an action of trespass to try title, a section of land situated in Cochran County of the value of twelve hundred dollars, alleged to be wrongfully withheld from possession by the First National Bank of Belleville, Illinois, a corporation having its domicile in the State of Illinois. The defendant in due time filed its petition for removal of the cause to the United States Circuit Court for the Northern District of Texas, alleging, as was shown by the plaintiff's petition, that the controversy was wholly between citizens of different States, and further, that the matter and amount in dispute in said cause exceeded, exclusive of interest and costs, the sum or value of two thousand dollars. This petition was sworn to and accompanied by a proper bond. The plaintiffs filed replication under oath, stating that the land in controversy did not exceed in value the sum of seven hundred and fifty dollars, and that the allegation to the contrary made by the defendant was falsely and fraudulently made for the purpose of procuring the removal of the cause to the Federal Court. Upon the issue of fact thus raised, as to the value of the land, the trial court heard evidence and found for plaintiffs, overruling defendant's petition for removal. The defendant has appealed and assigns the above ruling as error.

In the view we take of the case it is unnecessary to notice any of appellant's assignments save the one presenting the ruling on its petition for removal. We are confronted with the question whether or not a State court, in which is properly brought an action to recover land by a resident of this State from a resident of another State, can determine the issue of fact as to the sum or value of the matter in dispute raised by the petition for removal of such non-resident defendant. We thus state the question for the reason that we do not consider appellees' sworn replication to the petition for removal as having any proper place in the record upon the question to be decided. The authorities appear to be all one way, to the effect that no proceedings can be had in the State court after a proper petition and bond has been filed in a removable case. So that, if an issue of fact was raised in the present case, and we assume that it was, it was raised by the petition for removal which alleged the value of the land to exceed two thousand dollars, contrary to the allegations of appellees' petition. Upon the question stated for determination we find practical unanimity in the late Federal decisions, though some of the State courts appear to hold to the contrary.

In Burlington, C. R. & N. Ry. Co. v. Dunn, 122 U. S., 513, 30 L. ed., 1159, it is said: "But inasmuch as the petitioning party has the right to enter the suit in the Circuit Court, notwithstanding the State court declines to stop proceedings, it is easy to see that if both courts can try the issues of fact which may be made upon the petition for removal, the records from the two courts brought here for review will not necessarily always be the same. The testimony produced before one court may be entirely different from that in the other, and the decisions of both courts may be right upon the facts as presented to them respectively. Such a state of things should be avoided, if possible, and this can only be done by making one court the exclusive judge of the facts. Upon that question

there ought not to be a divided jurisdiction. It must rest with one court alone, and that, in our opinion, is more properly the Circuit Court."

To the same effect are the cases of Kansas City, Ft. S. & M. Ry. Co. v. Daughtry, 138 U. S., 298, 34 L. ed., 963; Fidelity Trust & Safety Vault Co. v. Newport News & M. V. Co., 70 Fed. Rep., 403. This court has heretofore held the same in the case of Texas & P. Ry. Co. et al. v. Eastin & Knox, 89 S. W. Rep., 440, and the Supreme Court on writ of error appears to have approved the decision on this point. Eastin & Knox v. Texas & P. Ry. Co., 92 S. W. Rep., 838. See also Ohle v. Chicago & N. W. Ry. Co. (Ia.), 21 N. W. Rep., 101. So that, in retaining jurisdiction over the cause after appellant had filed a proper petition ánd bond for removal in order to determine the disputed question of the value of the land in controversy, the District Court erred and its judgment must be reversed and the cause remanded for proceedings consistent with this opinion.

*Reversed and remanded.*

Chief Justice Connor, not sitting.