BEALL et al. v. CLACK. (No. 8479.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 25, 1916.)

1. **JOINT TENANCY** ⬯8—RIGHTS OF JOINT TENANT.

A joint tenant or co-owner has the right to the use and enjoyment of the whole property to the extent of his interest only.

[Ed. Note.—For other cases, see Joint Tenancy, Cent. Dig. §§ 5–11; Dec. Dig. ⬯8.]

2. **JOINT TENANCY** ⬯8—RIGHT TO DISPOSE OF INTEREST OF CO-OWNER.

One joint owner in possession of a secured note payable to the order of the co-owner has no authority to dispose of the co-owner's interest in the note or convert it to its own use.

[Ed. Note.—For other cases, see Joint Tenancy, Cent. Dig. §§ 5–11; Dec. Dig. ⬯8.]

3. **CORPORATIONS** ⬯423—LIABILITY FOR ACTS OF OFFICERS—JOINT OWNERSHIP OF NOTE.

Where a corporation and plaintiff jointly owned a secured note payable to plaintiff's order, if the president of the corporation in its behalf assumed authority to dispose of plaintiff's interest, the corporation would be liable in damages to plaintiff for any loss sustained.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1692–1695, 1903, 1906; Dec. Dig. ⬯423.]

4. **JOINT TENANCY** ⬯10—JOINT OWNERSHIP—ACTION—MEASURE OF DAMAGES.

If one joint owner of a secured note assumed authority to deal with the interest of the co-owner, and loss ensued, the measure of damages would be the value of the co-owner's interest.

[Ed. Note.—For other cases, see Joint Tenancy, Cent. Dig. § 13; Dec. Dig. ⬯10.]

5. **PRINCIPAL AND AGENT** ⬯159(1)—LIABILITY FOR TORTS OF AGENT—CONVERSION OF INTEREST OF PRINCIPAL'S CO-OWNER.

Where attorneys wrongfully collected and appropriated in behalf of a corporation proceeds of a secured note jointly owned by the corporation and plaintiff, and payable to plain-

tiff's order, the attorneys and the corporation were joint tort-feasors, and were jointly and severally liable to plaintiff, since the fact that a wrong was done at the direction of the principal does not relieve the agent of personal liability.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 599–605; Dec. Dig. 159(1).]

Appeal from Taylor County Court; E. M. Overshiner, Judge.

Suit by E. E. Clack against J. H. Beall and others. From a judgment of the county court for plaintiff on appeal from the justice court, defendants Beall, Smith, and Spencer bring error. Affirmed.

Eugene De Bogory, of Abilene, for plaintiffs in error. Sayles, Sayles & Sayles, of Abilene, for defendant in error.

BUCK, J. On June 1, 1913, J. C. Ham, president of, and acting for, the Ham Lumber Company, a corporation located at Merkel, Tex., employed E. E. Clack, an attorney residing at Sweetwater, to collect or adjust a judgment in favor of the lumber company against one R. P. Arnold, and agreed to give Clack a one-half interest in said judgment for his services in collecting it. By said agreement Clack was invested with full power to collect or adjust said judgment upon such terms as he might deem proper, and to release the same, and his services were to continue until the collection had been effected. In settlement of said judgment Clack secured a note from Arnold in the principal sum of $553.14, of date June 14, 1913, payable to Clack six months after date, bearing interest at 10 per cent. from date, and containing the usual stipulation as to attorney's fees. This note was secured by deed of trust on certain described land. Later J. C. Ham, acting for the lumber company, employed the law firm of Beall, Smith & Spencer to collect the judgment. In the meantime Clack had moved from Sweetwater to Dallas, and in April, 1914, employed the firm of Scarborough & Hickman, of Abilene, to collect said note. The court found that he never authorized or employed Beall, Smith & Spencer to collect, or to act for him in any way in the collection of, said note. Beall, Smith & Spencer, acting for J. C. Ham and the Ham Lumber Company, compromised and collected said note by allowing said Arnold's assignee to offset one-half of the face value of said note, principal, interest, and attorney's fees due thereon, by a claim in favor of Arnold which the said Arnold's assignee had and held against the said J. C. Ham, and collected in money the other one-half of the face value of said note, principal, interest, and attorney's fees. After paying the court costs, amounting to $27.60, and reserving their fees for collection, they paid the balance so collected as follows: $104.27, to E. E. Clack, and $104.27 to J. C. Ham, representing the Ham Lumber Company. The court found that at the time of said collection, and the distribution of the proceeds therefrom by Beall, Smith & Spencer, Clack and the Ham Lumber Company were joint owners of the note, and that Beall, Smith & Spencer had notice of Clack's one-half interest in the same.

On August 8, 1914, Clack sued Beall, Smith & Spencer, and other parties not necessary here to mention, in the justice court of Taylor county for $179, alleged to be the amount collected by Beall, Smith & Spencer out of plaintiff's one-half interest in said note, for which payment or remittance had not been made. In his petition plaintiff charged that, acting without any authority whatever, Beall, Smith & Spencer had collected said amount and misappropriated the same and converted it to their own use and benefit.

Defendants Beall, Smith & Spencer denied their liability in the amount claimed or in any other amount, and alleged that in the negotiations leading up to and including the collection of said claim and note they were the agents of, and acting for, J. C. Ham; that they had no notice of any interest that plaintiff had in said claim; that plaintiff's interest at best was only a contingent one, dependent upon final payment of the claim and judgment; and that said defendant was entitled to only one-half of said amount collected.

After dismissing other parties defendant, the court gave judgment for plaintiff against Beall, Smith & Spencer in the sum of $118.07, with interest thereon at 6 per cent. per annum from November 7, 1914, and costs of court. From this judgment the defendants named have prosecuted this writ of error.

Plaintiffs in error present only one specification of error, improperly termed, "appellants' third assignment of error," which is as follows:

"The judgment of the court is contrary to the evidence, because the compromise settlement made in the case of R. P. Arnold v. E. E. Clack, was [with the] full acquiescence and consent of J. C. Ham, the real owner of said obligation, and the real defendant in said suit, and without knowledge that the said E. E. Clack had any interest in the subject-matter in said suit, except a share of the money really realized therefrom, less any expense of collection."

In several propositions under this assignment, plaintiffs in error urge: (1) Either co-owner of joint property has right of possession and control of the same; (2) that plaintiff and Ham Lumber Company were the joint and co-owners of the two notes aggregating $553.14, and that, as such co-owner, the Ham Lumber Company, as it had power to do, authorized plaintiffs in error to make the settlement that was made; (3) that the plaintiffs in error paid over all money so collected to the client who employed them, and who was entitled to the possession of such money; (4) that, if such compromise settlement was improperly made, the co-owner, and not the attorney, would be responsible

to his joint owner, if the joint owner was injured as a result of such settlement.

From the court's findings of fact, which are not assailed, it is established that plaintiffs in error were the agents of the Ham Lumber Company, and were not the agents of defendant in error, and that they knew of defendant in error's interest in this note and claim at the time the settlement was made.

[1] A joint tenant or a co-owner has the right to the use and enjoyment of the whole property to the extent of his interest, but no further. In the case of Collier v. Cameron Co., 55 Tex. Civ. App. 153, 117 S. W. 915, it was held that, where one tenant in common, without authority, sells all the timber on land, his cotenant is entitled to recover from him, and from purchasers with notice of his cotenancy, his share of the value of the timber taken.

[2-4] In Sloane v. Gilmore, 167 S. W. 1089, authorities are cited to sustain the proposition that the presumption that possession of a negotiable instrument is prima facie evidence of title is applicable only to such instruments as pass by delivery, and does not apply to instruments payable to order. Hence we hold that neither J. C. Ham nor the Ham Lumber Company had authority to dispose of defendant in error's interest in said note, or any part thereof, and that, if said J. C. Ham, acting for the lumber company, assumed such authority, said lumber company would be liable in damages to plaintiff for any loss sustained, and that the measure of damages would be the value of defendant in error's interest in the claim, evidenced by the note against R. P. Arnold. Since the settlement made by plaintiffs in error, acting for the Ham Lumber Company, provided for an allowance to the extent of one-half of said note, interest, etc., in payment of a claim held by Arnold's assignee against J. C. Ham, balance in cash, it may be reasonably presumed that the note was of the full value claimed, and that plaintiff's damages would be in the sum of one-half of said note, interest and attorney's fees, less costs of collection, and the amount already received from plaintiffs in error, to wit, $104.27.

Since the principal, the Ham Lumber Company, was not authorized to collect and appropriate to its own use and benefit any part of defendant in error's interest in said note, it follows that its agent or agents were not authorized so to do. In 1 Mechem on Agency, § 1456, p. 1077, the author uses the following language:

"It does not relieve the agent that the wrong was committed with the knowledge of the principal, or by his consent or express direction, because no one can lawfully authorize or direct the commission of a wrong. A fortiori it is no defense that the agent in committing the wrong violated his instructions from his principal. Neither is it material that the agent derives no personal advantage from the wrong done. The fact that the agent acted in good faith, supposing the principal had a legal right to have done what was done, is no defense. He who intermeddles with property not his own must see to it that he is protected by the authority of one who is himself, by ownership or otherwise, clothed with the authority he attempts to confer."

Section 1457, Id.:

"In accordance with the principles of the preceding section, it is generally held that an agent who, for his principal, takes, sells, or otherwise disposes of, the goods or chattels of another, without legal justification, is personally liable, even though he acted in good faith, supposing the goods to be his principal's, and although he may have delivered the goods taken to his principal or to some other person for and on account of his principal."

In section 1442, Id., it is said:

"As will be seen in another place, the agent will not ordinarily be protected, even though he acts in good faith, where the act is one which the principal could not lawfully authorize. Thus an agent who in good faith receives from his principal and sells by his direction property which did not belong to the principal is ordinarily held liable to the true owner, even though he may have paid over the proceeds to his principal before he was notified of the true owner's claim."

[5] As to this act, amounting to a conversion in law, but not in morals, Ham Lumber Company and plaintiffs in error were joint tort-feasors, and were jointly and separately liable to defendant in error. Baker v. Wasson, 53 Tex. 150; Eastin v. Railway Co., 99 Tex. 654, 92 S. W. 838; Spraights v. Hawley, 39 N. Y. 441, 100 Am. Dec. 452.

Hence we conclude that plaintiffs in error's only assignment should be overruled, and the judgment of the trial court affirmed, and it is so ordered.