Before STATE INDUSTRIAL BOARD, Respondent.

In the Matter of the Claim of JAMES McCANN, Respondent, for Compensation under the Workmen's Compensation Law, *v.* McCORMACK'S GARAGE, INC., Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, November 15. 1922.

Workmen's Compensation Law — amount of compensation — profits from claimant's business conducted by himself and wife, equal to former wages — right to compensation not affected thereby — profits not proof of present wage-earning capacity — present earning capacity properly fixed under evidence.

An employee who has suffered an injury is not deprived of his right to compensation by the fact that after he was injured he received a profit from a business, managed by himself and his wife, which was equal to his wages at the time of the injury.

In the determination of the wage-earning capacity of the claimant the profits derived from his business do not constitute proof of that capacity.

On a rehearing to fix future compensation for the claimant it appeared that he was still suffering from his injuries and was not able to do the same work that he did prior to the time that he was injured; that his average weekly wage at the time of the injury was about thirty-five dollars; that after his injury he could not work for a full week and could do light work only, and that there was some evidence that he could earn about fifty per cent of his former wages. *Held,* that the State Industrial Board was justified in awarding him compensation at two-thirds of twenty-two dollars and fifty cents per week.

APPEAL by the defendants, McCormack's Garage, Inc., and another, from a decision and award of the State Industrial Board, made on the 28th day of January, 1922.

*Benjamin C. Loder* [*E. C. Sherwood* and *William B. Davis* of counsel], for the appellants.

*Charles D. Newton,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], for the respondents.

VAN KIRK, J.:

The employer does a trucking business. The claimant was a chauffeur and mover. He was injured December 23, 1919, and by

agreement and under the awards of the State Industrial Board he received compensation until April 22, 1921. He is still suffering from his injuries and concededly is not able to do the work which he usually did prior to his injuries. At the time of the hearing it developed that claimant was doing a trucking business. He had an office attended by his wife. He employed one man and from time to time two, three or four additional men. The profit realized from this business was about thirty-five dollars per week. His wages at the time of his injuries were thirty-five dollars per week.

Appellants' proposition is that, since claimant is enjoying a profit from this business, as much as his weekly wage, he cannot be allowed compensation; that is, if a man have an income other than from wages and equal to his wages, he may not have compensation for injuries which arise out of and in the course of his employment. If this proposition were sound, it would result that, if a laborer had been thrifty, saved money and invested it, and thereafter enjoyed the income, should he be injured in the course of his employment, the amount of his compensation must be reduced by the amount of his income for the corresponding period. Such a result is not within the intent or wording of the Workmen's Compensation Law. The award to an injured employee is intended to compensate him for the loss of his earning capacity and is due him whether or not he is financially in needy circumstances.

Section 15, subdivision 4 (as amd. by Laws of 1917, chap. 705), contains the provision of the Workmen's Compensation Law immediately applicable, as follows: In cases of temporary partial disability " an injured employee shall receive sixty-six and two-thirds per centum of the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment or otherwise during the continuance of such partial disability, but not to exceed when combined with his decreased earnings the amount of wages he was receiving prior to the injury, and not to exceed in total the sum " of $3,500, etc. There is here no mention of income or profit from investments or a business enterprise in which the laborer might happen to be interested. It is solely a question between weekly wages and wage-earning capacity in the same or other employment. "Wages" is defined in section 3, subdivision 9, of the same law, as thus amended, and " means the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the accident, including the reasonable value of board, rent, housing, lodging or similar advantage received from the employer." While the expression " wage-earning capacity " is not defined in the statute, yet, with the definition of " wages," the meaning of

the expression is plain. It is capacity to earn wages in the same or other employment. Income or profits from business are not the fruits of wage-earning capacity. It is sometimes said that a man who owns and manages a large business earns what he receives as a return from that business, but not at all in the sense that those returns are the result of his wage-earning capacity. The profits are the return from the investment, the management, the business capacity of this owner; and some years he may receive a profit of forty per cent and other years he suffers a loss. The profit from his business is in no sense a measure of his wage-earning capacity. This claimant had invested money in a truck; he had an office, in which he had the benefit of his wife's services, saving the expense of another employee. The profit from this business furnishes no proof of his wage-earning capacity.

Appellants urge that, apart from the profit in his business, the claimant should have been allowed eleven dollars and sixty-seven cents per week and not fifteen dollars per week, the rate at which compensation was awarded. One witness, Smith, was called to testify as to claimant's earning capacity. His testimony was that he would not employ a man in claimant's condition. He was asked: " Q. Assume that McCann was employed by you at the time of this injury and you kept him on to do what work he could do, and he was doing the work that he has testified that he is able to do, what would you pay him under those circumstances? A. I wouldn't keep him on. Q. If you did keep him on, how much would you pay him? A. I would give him about fifty per cent." This is indifferent proof of claimant's earning capacity. It appeared that claimant could seldom work a full week, quite often doing two to four days' work; that his injuries were very severe; and that he could do only light work. One-half of claimant's former wages is seventeen dollars and fifty cents. The Industrial Board has fixed the award at two-thirds of twenty-two dollars and fifty cents per week. Considering the testimony of the witness Smith and the description of claimant's condition at the time the award was made, we think the Industrial Board was justified in fixing the amount as it did.

The award should be affirmed, with costs.

Present — H. T. Kellogg, Acting P. J., Kiley, Van Kirk, Hinman and Hasbrouck, JJ.

Award unanimously affirmed, with costs in favor of the State Industrial Board.