## KING v. CITY OF BEAUMONT et al.

(District Court, E. D. Texas, Beaumont Division. January 12, 1924.)

1. Removal of causes ⬦107(4)—Whether cause should be remanded to state court determined from status of pleadings when petition and bond for removal were filed.

The question of whether a cause, which has been moved from a state court to the United States District Court on the ground of diversity of citizenship, should be remanded to the state court, depends upon the status of the pleadings at the time the petition and bond for removal were filed, though plaintiff subsequently amended her pleading, since, if the case is a removable one, the filing of the petition and bond at once divested the court of jurisdiction.

2. Removal of causes ⬦61—Controversy not separable unless it appears to be so from plaintiff's own allegations.

A controversy is not separable so as to entitle a defendant to removal of cause to federal court on the ground of diversity of citizenship, unless it appears from plaintiff's own allegations in his petition, notwithstanding allegations of defendant's answer and separate and independent defenses set up by various defendants.

3. Removal of causes ⬦36—Joinder of defendant against whom no cause of action is alleged does not preclude removal to federal court because of diversity of citizenship.

The mere joinder of a party as a defendant, against whom no cause of action is alleged, does not preclude removal of case to federal court on the ground of diversity of citizenship at instance of other defendant.

4. Principal and agent ⬦159(2)—Agents not liable for mere nonfeasance, where principal's negligence caused injury.

Where the negligence of the principal is the cause of an injury, there is not liability on the part of its agents for mere nonfeasance or failure

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to do something for the benefit of other parties that ought to have been done.

**5. Municipal corporations ⬦755(1)—Municipality liable for neglect to repair streets.**

A municipal corporation is liable for negligent failure to keep streets in repair.

**6. Pleading ⬦8(17)—Facts showing city negligent with respect to defective sidewalk must be pleaded.**

In an action against a city for injuries caused by defective sidewalk, the facts on which the charge of negligence is based must be stated in the pleadings under Vernon's Sayles' Ann. Civ. St. Tex. 1914, art. 1819, since so many circumstances enter into the question of responsibility for defective sidewalks that the mere statement of the conclusion that the accident resulted from the city's negligence is insufficient.

**7. Municipal corporations ⬦757(2)—Property owners not required to keep sidewalk in safe condition.**

The owners and lessees of a building are not as a matter of law required to keep the adjacent sidewalk in safe condition.

**8. Removal of causes ⬦36—Telephone company joined with city and owners and lessees of building, in action for injury caused by defective sidewalk, held entitled to removal to federal court.**

In an action for injuries, caused by defective sidewalk, against city, owners and lessees of adjacent building, and telephone company occupying streets under Vernon's Sayles' Ann. Civ. St. Tex. 1914, art. 1231, in which the plaintiff merely alleged that the telephone company, "together with the city of B. and the other defendants," tore up the sidewalk "for the purpose of erecting one of its poles, * * * and that all of said defendants negligently failed to repair same," the telephone company was entitled to removal of cause to federal court because of diversity of citizenship, since there was no cause of action stated as against the city nor against owners and lessees of building as such, because of failure to state the facts showing such defendants to have been negligent, and such other defendants, if liable at all under such allegations, were liable merely as the telephone company's agents.

**9. Telegraphs and telephones ⬦15(3)—Telephone company liable for injuries by failure to repair sidewalk after erection of pole.**

A telephone company, occupying streets under Vernon's Sayles' Ann. Civ. St. Tex. 1914, art. 1231, is liable for injuries to third parties caused by the company's negligent failure to repair sidewalk after tearing it up for the purpose of erecting a pole.

In Equity. Suit by Miss Frank C. King against the City of Beaumont, the Southwestern Bell Telephone Company, and others, filed in state court and removed to the United States District Court on motion of last-named defendant. On plaintiff's motion for remand to state court. Motion overruled.

Thos. N. Hill, of Beaumont, Tex., for plaintiff.

James A. Harrison, of Beaumont, Tex., for defendants Landry.

Gordon, Lawhon, Davidson & Pool, of Beaumont, Tex., for defendants Block and Block Realty Co.

Smith & Jackson, of Beaumont, Tex., for defendant city of Beaumont.

Nelson Phillips and C. M. Means, of Dallas, Tex., for defendant telephone company.

Orgain & Carroll, of Beaumont, Tex., for defendant D. A. Schulte, Inc.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ESTES, District Judge. The plaintiff herein filed a suit in the state court against the city of Beaumont, D. A. Schulte, Inc., the Block Realty Company, Ras Landry and wife, Cora Landry, and I. Block, for personal injuries received in consequence of a defective condition of the sidewalk in front of premises alleged to belong to the defendants Landry, and to be occupied by the other defendants as lessees. The plaintiff is alleged to have been an occupant of an apartment in said building, and the claim is that it was the duty of all the defendants jointly to maintain the sidewalk in a reasonably safe condition for pedestrians.

The original petition was filed on May 26, 1923, and, on May 31 thereafter, a first supplemental petition was filed, in which the Southwestern Bell Telephone Company was joined as a defendant "for the purpose of suing said company in conjunction with the defendants named in the original petition."

Within a seasonable time thereafter, the telephone company filed a petition and bond for removal, upon the ground of diversity of citizenship, alleging that the cause of action as set forth against it is separable and distinct from the claim against the other defendants. The petition was granted in the state court, and the case ordered removed to this jurisdiction.

After the transcript had been filed here, the grounds for removal were amplified by amendment. The point made is that the responsibility, under the plaintiff's pleadings, of said defendant for the accident, was not due to any joint relationship with the other defendants, but with respect to its duty as an occupant of the streets; that the other defendants were only agents or servants of the telephone company, and not liable, as a matter of law, for the mere nonfeasance or failure to discharge their duty as such agents.

After the petition and bond was filed and the order of the court removing the case had been entered, but before the transcript had been lodged with the clerk of this court, the plaintiff filed an amended pleading, in which it is alleged that the telephone company and the other defendants were tenants or occupants of the building in question, and that they were charged with the joint duty of maintaining in safety the sidewalk in question.

The petition, as amended, has been incorporated with the papers transmitted to this court, and the plaintiff has filed and presented a motion to remand the case upon the ground that it appears from the said amended petition that the cause of action against all the defendants is joint, and, since the plaintiff has elected to make such a charge, the issue thus tendered determines the nature of the suit, and the proceeding should be sent back to the state court for trial.

[1] I think it is clear that the question must be determined from the status of the pleadings at the time the petition and bond for removal were filed, because that procedure, if the case is a removable one, at once divested the state court of jurisdiction. Kern v. Huidekoper, 103 U. S. 490, 26 L. Ed. 354; National Co. v. Tugman, 106 U. S. 118, 1 Sup. Ct. 58, 27 L. Ed. 87; Phillips v. Western Co. (C. C.) 174 Fed. 876; Boatmen's Bank v. Fritzlen, 135 Fed. 653, 68 C. C. A. 288.

The original petition, as I interpret it, does not show any cause of action against the city of Beaumont at all. It is named as a defendant, but all the recitals of fact designed to establish liability relate, as I construe them, to the other defendants alone. The liability alleged respecting them is said to be the negligent failure to keep in repair a sidewalk around what is known as the Landry building, which, "as owners and lessees of said property, they were under obligation to do." The supplemental petition alleged that the telephone company is engaged in the business of transmitting messages for hire over its lines in Beaumont, and that it becomes necessary at times "for said defendant company to remove its poles from certain places in the city of Beaumont and place them in other places; that in so doing it frequently tears up the streets and sidewalks in the city of Beaumont, in places, and when this is done it becomes necessary for same to be repaired." Further, "plaintiff alleges that she is informed and believes and alleges on information and belief that the said defendant company, together with the city of Beaumont and the defendants D. A. Schulte, Inc., Block Realty Company, I. Block, and Ras Landry and wife, Cora Landry, tore up the sidewalk as described in the plaintiff's petition for the purpose of erecting one of its poles some time prior to June 1, 1921, and that all of said defendants negligently failed to repair same, and that the negligence of the defendants was the proximate cause of plaintiff's injuries. Wherefore plaintiff prays that said defendant Southwestern Bell Telephone Company be cited to appear and answer herein, and for judgment against all of said defendants as she has heretofore prayed in her original petition."

[2] The law is well established, as the plaintiff contends, that a controversy is not separable unless it appears to be so from the plaintiff's own allegations in his petition. Fraser v. Jennison, 106 U. S. 191, 1 Sup. Ct. 171, 27 L. Ed. 131; Ayres v. Wiswall, 112 U. S. 187, 5 Sup. Ct. 90, 28 L. Ed. 693. It is not a question of what may be alleged in the defendant's answer (Louisville & National Ry. v. Ide, 114 U. S. 52, 5 Sup. Ct. 735, 29 L. Ed. 63), or whether separate and independent defenses are set up by the various defendants (Chesapeake & Ohio Railroad v. Dixon, 179 U. S. 131, 21 Sup. Ct. 67, 45 L. Ed. 121). In other words, if the case as pleaded by the plaintiff sets up a joint cause of action, and thus an effort is made to procure a joint judgment against several tort-feasors, the fact that some may be liable and others not, or that their relations to the transaction are not identical, will not be sufficient to create a separable cause of action within the contemplation of the statute, and give this court jurisdiction on that account. Alabama Ry. v. Thompson, 200 U. S. 206, 26 Sup. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147; Little v. Giles, 118 U. S. 596, 7 Sup. Ct. 32, 30 L. Ed. 269.

[3, 4] On the other hand, it is equally well settled that the mere joinder of a party as a defendant against whom no cause of action is alleged presents no obstacle to the removal of the case (Eastin & Knox v. Texas & Pacific Ry. Co., 99 Tex. 658, 92 S. W. 838); and, where the negligence of the principal is the cause of an injury, there is no liability upon the part of its agents for mere nonfeasance or failure to do something for the benefit of other parties that ought

to have been done (Plunkett v. Gulf Refining Co. [D. C.] 259 Fed. 969; Kelly v. Robinson [D. C.] 262 Fed. 695; Ewell's Evans on Agency, p. 438).

The Texas statute sets forth the general rule of practice respecting pleading. It provides that—

"The pleading shall consist of a statement, in logical and legal form, of the facts constituting the plaintiff's cause of action." Vernon's-Sayles' Statutes, art. 1819.

To determine whether there was negligence in any case, the facts from which the negligence is inferred should be stated and proven. When they are such that all reasonable men must draw the same conclusion from them, the court decides the question of negligence as one of law. Gardner v. Ry. Co., 150 U. S. 349, 14 Sup. Ct. 140, 37 L. Ed. 1107; Bryce v. Southern Ry. Co. (C. C.) 122 Fed. 712.

[5, 6] A municipal corporation is liable for negligently failing to keep in repair its streets, but whether the failure was a negligent one depends upon the facts on which the charge is based, and which in turn must be set forth, to an extent, at any rate, in the pleadings. Mims v. Mitchell, 1 Tex. 441. So many circumstances and conditions enter into the question of responsibility for defective sidewalks that it cannot be said that a cause of action has been pleaded or responsibility charged by alleging the mere conclusion that the accident resulted from negligence. Austin v. Ritz, 72 Tex. 391, 9 S. W. 884; City of Galveston v. Smith, 80 Tex. 69, 15 S. W. 589.

[7] In the original petition, as I have previously indicated, there are no allegations connecting the city with responsibility for this accident. As regards the liability of the other defendants, the mere fact that they were owners and lessees of the building would not put upon them, as a matter of law, the duty of maintaining the adjacent sidewalk in safe condition. 28 Cyc. 859. If the law were otherwise, the same obligation rested on the plaintiff herself, for she too was an occupant or tenant in the building in question.

[8, 9] The two petitions, it seems to me, when construed together, allege a cause of action against the telephone company as principal, and possibly a liability on the part of the other defendants as agents. The telephone company occupied the streets by virtue of legislation on the subject. Vernon's Sayles' Statutes, art. 1231; San Antonio Ry. v. Southwestern Co., 93 Tex. 313, 55 S. W. 117, 49 L. R. A. 459, 77 Am. St. Rep. 884. In case the use of the street by the public is wrongfully interfered with by its occupancy, or the streets made dangerous through its negligence when making preparations for their occupancy, third parties injured as a consequence may recover the damages so occasioned. 29 Corpus Juris, p. 623, par. 377; 26 Cyc. 1560; Ruehl v. Lidgerwood Telephone Co., 23 N. D. 6, 135 N. W. 793, L. R. A. 1918C, 1063, Ann Cas. 1914C, 680.

The plaintiff's allegation is that the defendant company—that is, the telephone company—"together with the city of Beaumont and the other defendants," tore up the sidewalk "for the purpose of erecting one of its poles some time prior to June 1, 1921, and that all of said defendants negligently failed to repair same." I think, under

that language, that the other defendants are to be considered agents of the telephone company, by whom or for whose benefit the hole was made or the initial and primary work was being done. Kampfmann v. Rothwell (Tex. Civ. App.) 107 S. W. 122; Railway Co. v. Warner, 88 Tex. 642, 32 S. W. 868. For the mere failure to repair the hole, none of the defendants save the telephone company, under the authorities hereinbefore cited, would be responsible.

So, under my view of this pleading, no cause of action is alleged against any of these defendants excepting the telephone company. In such state of affairs, the petition and bond for removal having been filed within seasonable time, the controversy is a separable one; and the case was properly removed to this court. The motion to remand is therefore overruled.