## UNITED STATES FIDELITY & GUARANTY CO. v. BAKER.

### No. 4090.

Court of Civil Appeals of Texas. Amarillo. Nov. 8, 1933.

Gibson & Sutton, of Amarillo, for appellant.

L. B. Godwin and Kimbrough & Boyce, all of Amarillo, for appellee.

MARTIN, Justice.

Appellee filed suit in the district court of Wheeler County against appellant for compensation for injury found by the Industrial Accident Board to have been received by appellee while working in the capacity of an employee of the Kadane Construction Company. The portions of appellee's petition material to the law points hereafter discussed are as follows:

"That a large rock or boulder was dumped from one of the trucks upon the grade, and being so large that the trucks could not pass over it, in unloading, plaintiff undertook to work the obstacle off or to the side of the grade, and in doing so alone, and by hand, and in the manner of pulling and working it down the grade towards him, it slipped in the loose dirt, threatened to fall upon him and injure him, and in undertaking by hand to hold the same off of himself, he was suddenly and most violently jerked and strained, doubled over, careened, and pinned by the rock, as a result of which, he sustained injuries as follows, to-wit: the muscles, ligaments, tendons, nerves, and blood vessels of, in, and about his lower back and the hips, were strained and disrupted, which alleged injuries naturally resulted in pain, neuritis, rigidity, varicosity, and tenderness; sustained fracture, strain and derangement of the cartilaginous discs, and the neural arches and bodies of the second, third, fourth and fifth lumbar and sixth cervical vertebrae, resulting in traumatic osteo-arthritis. * * *

"And he alleges upon information and belief that the incapacity will remain total for the full period of fifty-two weeks from date of injury, or until April 9, 1933. That at the expiration of the period of said alleged temporary total incapacity, plaintiff will be physically able to work and earn money from his labor equal to only fifty per cent. of his pre-injury alleged normal capacity to work and, earn money from his labor, or that he will sustain partial incapacity, equal to fifty per cent., as related to one hundred per cent. for total, at the termination of the period of temporary total incapacity, and that the alleged partial incapacity will be permanent or will last through the natural lifetime of the party."

The prayer of his petition contains the following language: " * * * For compensation at the rate of $13.85 per week for total incapacity, for fifty-two consecutive weeks from April 9, 1932, to April 9, 1933, compensation at the rate of $6.93 per week for three hundred consecutive weeks from April 9, 1933, for permanent partial incapacity of fifty per cent. as related to one hundred per cent. for total, the aggregate sum of $2,799.00, together with reasonable interest, decree to and in favor of L. B. Godwin of one-third of any recovery as attorneys fees, vacation of the award of the Board, and judgment for his costs in the behalf expended."

To this petition the appellant filed answer, containing a general demurrer and general denial.

Judgment was entered, upon answers of the jury to special issues, in favor of appellee against appellant for the sum of $2,809.47, from which judgment. appellant appealed to this court.

The trial court's definition of "partial incapacity" is under vigorous attack here, and is the subject of the only assignment of error of sufficient importance in our opinion to require any extended notice.

Because this definition is often found in the records before this court and relates to a subject rarely mentioned in reported decisions furnishes the excuse we have for consuming an unusual amount of space in its discussion.

■ The court in his charge defined "total" and "partial incapacity" as follows:

"The term 'total incapacity' wherever used in this charge or any special requested issue submitted to you, does not mean an absolute inability on plaintiff's part to perform any kind of labor, but means that he must be so injured as that he becomes disqualified thereby from performing the usual tasks of a workman to such an extent that he cannot procure and retain employment."

" 'Partial Incapacity', wherever used in this charge or any special requested issue submitted to you, is defined as meaning that one who has been injured is able to perform a substantial part but not all of his regular labor or employment or of some other occupation, labor or employment with which he is familiar, but that he is not able to perform all of such labor or such other occupation, labor or employment with which he is familiar."

The court's definition of "total incapacity" follows substantially the approved definition of that term. Home Life & Accident Co. v. Corsey (Tex. Civ. App.) 216 S. W. 464; Bankers' Lloyds v. Seymour (Tex. Civ. App.) 49 S. W.(2d) 508 and authorities there cited.

■ Section 12 of article 8306 (Rev. St.), Workmen's Compensation Law of Texas, deals with specific injuries, and was evidently intended by the Legislature "to provide a definite recovery * * * regardless of whether the employee could work or not." Texas Employers' Ins. Ass'n v. Moreno (Tex. Com. App.) 277 S. W. 84, 87. Sections 10 and 11 of article 8306 of that law deal with injuries not specific in character, and their purpose was to provide compensation for those suffering from such injuries and "unable to work." Id. In the first class of cases the right to the compensation therein provided is made absolute upon proof of the accidental occurrence of the specific injuries therein named, and under the conditions therein stated, but in the second class the "incapacity for work" is the contingency upon which the right to compensation depends. The character of "work" is not defined unless it be in section 12a, which we shall presently notice. The trial court therefore has, in effect, judicially amended the statute by his definition, so as to permit a recovery if the injured employee is unable merely to perform a substantial part of his "regular labor or employment, or of some other oc-

cupation, labor or employment with which he is familiar," though his capacity to perform the "ordinary tasks of a workman" has not been lessened, and he may be able to secure and retain employment in work "reasonably suited to his incapacity and physical condition" at wages equal to or greater than what was paid him before the injury. This would impose upon the insurance company a greater burden than its contract calls for. Its engagement was to pay compensation in accordance with, but not beyond, the terms of the Workmen's Compensation Statute.

Sections 10 and 11 of article 8306, R. S. 1925, read as follows:

"Sec. 10. While the incapacity for work resulting from the injury is total, the association shall pay the injured employee a weekly compensation equal to sixty per cent. of his average weekly wages, but not more than $20.00 nor less than $7.00 and in no case shall the period covered by such compensation be greater than four hundred and one weeks from the date of the injury.

"Sec. 11. While the incapacity for work resulting from the injury is partial, the association shall pay the injured employee a weekly compensation equal to sixty per cent. of the difference between his average weekly wages before the injury and his average weekly wage earning capacity during the existence of such partial incapacity, but in no case more than $20.00 per week. The period covered by such compensation shall be in no case greater than three hundred weeks; provided that in no case shall the period of compensation for total and partial incapacity exceed four hundred and one weeks from the date of injury."

The phrase "incapacity for work" occurs in both sections. It is modified in the first by the word "total" and the second by "partial." Does "incapacity for work" mean one thing in section 10 and a wholly different thing in section 11? One of the meanings of "partial" is "incomplete, not general or total." Funk & Wagnalls Universal Dictionary. "Total incapacity for work" has had a settled judicial meaning in Texas since about 1919. See Home Life & Accident Co. v. Corsey, supra. This definition necessarily includes "incapacity for work." It is not a definition merely of the word "total." It would seem reasonable to conclude that the definition of "incapacity for work," except as modified by "total" or "partial," is the same in both of said sections 10 and 11. In Texas the Supreme Court Commission, in the case of Texas Employers' Ins. Ass'n v. Brock, 36 S.W.(2d) 704, 705, uses the following language: "The trial judge, at the request of the plaintiff in error, gave a special instruction defining 'partial incapacity,' as used in the court's main charge, to mean the ability to perform some of the duties of an ordinary workman; in other words, any dis-

ability less than 100 per cent. This instruction necessarily had the effect to modify and explain the definition given in the court's main charge of total incapacity, and the two instructions furnished the jury, with the correct rule by which to determine whether the defendant in error had suffered total incapacity, within the meaning of that phrase, as used in the statute."

If the definition given in this case is correct, then the language of Judge Powell, some of which we quoted from the Moreno Case, supra, is inaccurate. Cases from other jurisdictions which either directly or by analogy are thought to support our view are the following: McCann v. McCormack's Garage, 203 App. Div. 387, 197 N. Y. S. 19, 21; Austin Bros. Bridge Co. v. Whitmire, 31 Ga. App. 560, 121 S. E. 345, 347; Connelly's Case, 122 Me. 289, 119 A. 664; notes to case of Woodcock v. Dodge Bros., 17 A. L. R. 211, 212. We are not called upon to and have not expressly attempted to formulate a correct definition of the term under discussion. A reference in the statute to the character of employment which an injured employee might be expected to follow is in section 12a of article 8306, reading as follows: "If the injured employee refuses employment reasonably suited to his incapacity and physical condition, procured for him in the locality where injured or at a place agreeable to him, he shall not be entitled to compensation during the period of such refusal, unless in opinion of the board such refusal is justifiable. This section shall not apply in cases of specific injuries for which a schedule is fixed by this law."

The qualification is "employment reasonably suited to his incapacity and physical condition." This case does not present any question which requires a specific holding on the construction to be given the above language, and we mention it only to call attention to its presence in the statute, since, under particular facts, the quoted language might affect the point under discussion. We sustain appellant's assignment and hold the quoted definition of "partial incapacity" prejudicially erroneous.

Appellant seasonably filed a petition and bond for removal of this cause to federal court. It alleged diversity of citizenship and that the amount in controversy exceeded $3,000, exclusive of interest and costs. The trial court denied the petition for removal, but approved the bond. A plea in abatement filed by appellant was likewise overruled. It is the contention of appellant under an appropriate assignment of error and proposition that this action of the court was error, it being claimed that the case was automatically transferred to the federal court upon the filing of said petition and the approval of the bond.

The allegations of appellee's petition pertinent to this question are quoted above.

They show conclusively that the amount in controversy herein was less than $3,000. The record before the trial court in this case presented only a question of law and required a holding that the cause of action alleged was not removable, and this is true, although the allegations in the petition for removal were otherwise. No fact question arises upon the above state of the record, as was the case in First National Bank v. Glaser et al., 46 Tex. Civ. App. 286, 102 S. W. 171, cited by appellant. We quote from a United States Supreme Court authority: "The mere filing of a petition for the removal of a suit which is not removable does not work a transfer." Stone v. South Carolina, 117 U. S. 433, 6 S. Ct. 799, 800, 29 L. Ed. 962. See, also, Iowa Central Ry. Co. v. Bacon, 236 U. S. 305, 35 S. Ct. 357, 59 L. Ed. 591; Texas & P. Ry. Co. v. Eastin & Knox (Tex. Civ. App.) 89 S. W. 440; Id., 99 Tex. 654, 92 S. W. 838. Nor do we think the question could be affected by the contents of a written statement of appellee before the Industrial Accident Board, which was not a part of the record, nor before the trial court when the above ruling was made. In our opinion the trial court correctly refused to transfer this cause to federal court.

■ The claim of appellee as to his injuries, filed before the Industrial Accident Board, was in the following language:

"Lacerated and strained muscles, ligaments, tendons, nerves and blood vessels throughout the hips and lower portion of the back, and claim is for compensation for one hundred consecutive weeks from date of injury at the rate of $13.85, and reference is to 'Exhibit A.'

" 'Exhibit A' is as follows:

"I injured myself in that I strained and otherwise injured my hips and lower spine."

In his petition, a portion of which is quoted, it will be noted that appellee enlarged upon his injuries and alleged injuries in the region of the upper spine, not mentioned in his claim. Evidence was introduced to sustain the additional allegation of injury. The contention of appellant with respect to this matter is stated in its brief in the following language: "The appellant (defendant below) contended in the trial court that that court's jurisdiction was confined to such claim or claims for injury as the plaintiff had filed and presented to the Industrial Accident Board and that the court had no jurisdiction to hear or determine claim for any other injuries than those for which claim was filed by the plaintiff before the Industrial Accident Board except such other and further injuries or conditions as were di-

rectly attributable or necessarily grew out of, or were the direct result of, the injury or injuries for which he filed claim before the Board; this on the theory that the Workmen's Compensation Statute of Texas, being in derogation of the common law, must be strictly followed in procedure and because it provides that notice of injury and claim for compensation therefor must first be presented to the Industrial Accident Board and that upon appeal by either of the parties to the claim before the Industrial Accident Board, to the District or County Court, the trial is de novo."

The point was properly preserved in a manner not apparently necessary here to set out.

It seems to us that the real question, simply stated, is whether or not it is necessary in filing a claim before the Industrial Accident Board, for general injuries (as distinguished from those that are specific), to particularly mention each unrelated injury resulting from the accident before same can be pleaded and proven as a basis for a claim for compensation in district court.

This court has already committed itself to the doctrine that such other injuries are provable, though not named in the written claim filed with the Industrial Accident Board, they not being a new cause of action. New Amsterdam Casualty Co. v. Harrington (Tex. Civ. App.) 283 S. W. 261. This case was subsequently reversed, but not upon this point. (Tex. Com. App.) 290 S. W. 726. See also Texas Employers' Ins. Ass'n v. Jimenez et al. (Tex. Civ. App.) 267 S. W. 752 (error dismissed); Maryland Casualty Co. v. Haley (Tex. Civ. App.) 29 S.W.(2d) 458 (error refused); Indemnity Ins. Co. of North America v. Harris (Tex. Civ. App.) 53 S.W.(2d) 631 (error refused). Any extended discussion by us would probably further cloud a subject already cobwebbed with confusion. This assignment of error is overruled.

■ Other alleged errors were either not properly raised, or pertain to matters not likely to again occur. In view of another trial, we think it proper to observe, however, that appellant was entitled to an affirmative submission of all defensive issues finding proper support in the evidence. If the evidence on any future trial raises an issue as to another injury or diseased condition of the body being the sole cause of the injuries pleaded by appellee, such should be affirmatively submitted, though appellant has answered only by a general denial. Commercial Standard Ins. Co. v. Noack (Tex. Com. App.) 62 S.W.(2d) 72.

Reversed and remanded.