■ In the Matter of the Claim of THOMAS H. CAMERON III, Appellant, v CROOKED LAKE HOUSE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [968 NYS2d 198]—

Egan Jr., J. Appeal from a decision of the Workers' Compensation Board, filed November 23, 2011, which ruled that claimant had sustained a causally related loss of earning capacity.

In April 2007, claimant sustained a work-related injury to his lower back while moving a commercial dishwasher at the Crooked Lake House in Rensselaer County and thereafter successfully applied for workers' compensation benefits. In October 2010, a Workers' Compensation Law Judge classified claimant as having sustained a marked (75%) permanent partial disability and a 75% loss of wage-earning capacity. Upon review, the Workers' Compensation Board modified and remitted the matter for further proceedings to determine the extent to which claimant's disability impaired his wage-earning capacity. Ultimately, the Board adopted the 75% loss of wage-earning capacity found by the Workers' Compensation Law Judge (see Workers' Compensation Law § 15 [3] [w]), and claimant now appeals.

We affirm. Inasmuch as claimant has not worked since sustaining his partial disability, the Board is authorized to "fix such wage earning capacity as shall be reasonable . . . having due regard to the nature of his injury and his physical impairment" (Workers' Compensation Law § 15 [5-a]; see Matter of McCann v McCormack's Garage, Inc., 203 App Div 387, 388-389 [1922]). In fixing that capacity, the Board relies upon various factors, including "the nature and degree of the work-related permanent physical and/or mental impairment, work restrictions, [and] claimant's age" (Employer—Buffalo Auto Recovery Svd, 2009 WL 5177881, *10, 2009 NY Wrk Comp LEXIS 15501, *27 [WCB No. 8070 3905, Nov. 12, 2009]). Here, in addition to the medical evidence documenting claimant's degree of impairment, the Board considered claimant's testimony in this regard, as well as his age and his efforts to train for or seek other work within his limitations. Deferring to the Board's assessments of credibility, substantial evidence supports its decision that claimant's established, partial disability has deprived him of 75% of his wage-earning capacity (see generally Matter of Haibel v C. G. Haibel, Inc., 101 AD2d 678, 679 [1984]). Claimant's remaining argument was not raised before the Board and, as such, is not properly before us.

Lahtinen, J.P., Stein and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.