# The City of Chicago
## *v.*
## Mary A. McCarthy.

1. NEGLIGENCE — *injury from defective sidewalk.* In a suit against a city to recover damages for a personal injury caused by a fall, occasioned by an alleged defect in the sidewalk, where the proof showed that the walk was a new one, laid not more than seven days before the accident, and failed to show that knowledge of any defect therein had come to any of the city authorities, either actual or constructive, and where it was evident that the fall was attributable to the plaintiff's want of ordinary care, it was *held* that a verdict for the plaintiff was not sustained by the evidence.

2. SAME — *notice of defective walk.* In an action against a city to recover for a personal injury to the plaintiff, caused by a fall from an alleged defect in a sidewalk upon a public street, if the walk was properly and safely constructed a short time before the accident, and appeared to be in a safe condition, the city will not be liable for the injury, without proof that it or some of its officers, agents or servants, having charge of such matters, had actual knowledge of the defect causing the fall, or proof that the defect had existed for such length of time before the injury, that the city authorities, if exercising ordinary diligence, would or should have known of its existence.

APPEAL from the Superior Court of Cook county ; the Hon. JOSIAH McROBERTS, Judge, presiding.

This was an action on the case, brought by Mary A. McCarthy against the city of Chicago, to recover for personal injuries alleged to have been occasioned by a defective sidewalk on Sampson street. The opinion of the court gives the material and leading facts of the case.

Mr. EGBERT JAMIESON, for the appellant.

Mr. U. F. LINDER, and Mr. E. W. EVANS, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is an appeal from a judgment of the Superior Court of Cook county, obtained by Mary A. McCarthy against the city

of Chicago, in an action on the case for negligence in suffering a certain sidewalk in Sampson street to be out of repair, by reason whereof the plaintiff alleges she fell on the sidewalk, and being then heavy with child, a premature birth ensued of a dead child.

The jury found the defendant guilty, and assessed the damages at one thousand dollars, for which judgment was rendered, a motion for a new trial having been overruled.

To reverse this judgment the city appeals, and assigns as error the refusal to grant a new trial, and refusing certain instructions.

The first point involves a consideration of the evidence, and this we have carefully examined. We are of opinion the verdict is not sustained by the evidence. So far as the cause of the injury is concerned — a defective sidewalk — it is proved, beyond all controversy, that it was a new sidewalk, having been laid not more than seven days before the accident, and no knowledge is brought home to the city authorities of any defect therein, either actual or constructive. The street is not a great thoroughfare, such as Michigan avenue, the scene of the accident in *Fowler's case,* 60 Ill. 322, and the cause is of an entirely different nature.

We think the evidence supports the idea that the accident was caused by the negligence of the plaintiff in walking, by which she tripped. The evidence that she fell comes from herself alone, and in her statement she is not sustained by her companion, Mrs. Fitzgerald. Though it was night, between eight and nine o'clock, it was light enough to see, and Mrs. O'Connor testifies to the same effect. The most ordinary care would have prevented the accident. As the plaintiff did not exercise this care, she cannot have recourse upon the city for compensation for any alleged damage.

As to the instructions, it is complained the court refused to give the following, asked by appellant:

"If the jury believe, from the evidence, that the sidewalk in

which the defect is alleged to have been, and where the plaintiff is alleged to have been injured, was properly and safely constructed, and laid down, and that prior, and up to, or about the time of the alleged injury, it appeared to be in a proper and safe condition, then, if there be no evidence that the defendant had actual knowledge of such defect, or that the defect existed for such length of time before the injury, that the defendant, if exercising proper care and diligence, would have known of it, the jury should find the defendant not guilty.

" Notwithstanding the jury may believe, from the evidence, that the said sidewalk, at the time of the alleged injury, was defective, yet this fact alone would not be sufficient evidence of negligence on the part of the defendant.   In order to charge the defendant with negligence, it must appear, from the evidence, not only that the said sidewalk was defective at the time of the alleged injury, but also, either that such defect was actually known to the defendant, through some of its officers, agents or servants, or that the defect existed for such a length of time prior to the alleged injury, that the city, if exercising ordinary diligence, would or should have known of the defect."

We perceive no substantial objection to these instructions ; they presented the law as uniformly held by this court, and should have been given.   It was error to refuse.   Had the attention of the jury been directed to the points embraced in them, it is hardly probable they would have rendered this verdict.

For the error in refusing these instructions, the judgment is reversed and the cause remanded.

*Judgment reversed.*