## THE CITY OF HOOPESTON
### v.
### CATHERINE A. EADS.

*Municipal Corporations—Personal Injuries—Defective Sidewalk—Contributory Negligence—Burden of Proof—Duty of City—Notice—"Considerable Time."*

1. In an action against a city for an injury received from a defective sidewalk, the burden is on the plaintiff to prove due care.
2. The duty of a city to keep its sidewalks in repair is not an absolute one. Reasonable diligence in that behalf is all that is required.
3. The phrase, " a considerable time," is too indefinite for use in instructions to a jury.
4. Where the proof on the part of the plaintiff is inconclusive as against a strong defense made by the city, in an action for alleged negligence, it is specially important that the instructions given should be accurate and not conflicting.

[Opinion filed November 23, 1889.]

APPEAL from the Circuit Court of Vermillion County; the Hon. E. P. VAIL, Judge, presiding.

Messrs. H. M. STEELY and J. B. MANN, for appellant.

Where walk has recently been placed in good repair and the city has had no notice of the defect, and it has not existed for such a length of time that the city, if using due diligence, might have known of it, the city is not liable. The City of Chicago v. McCarthy, 75 Ill. 602; The City of Chicago v. Murphy, 84 Ill. 224; The City of Chicago v. Watson, 6 Ill. App. 344.

So if defendant convicts plaintiff of negligence at the time of the accident. C. & E. I. R. R. Co. v. O'Conner, 13 Ill. App. 62.

As to instruction shifting burden of proof, see Stearns v. Reidy, 18 Ill. App. 582.

Error in one instruction not cured by others that are proper. P. & P. U. Ry. Co. v. O'Brien, 18 Ill. App. 28; C., B. & Q. R. R. Co. v. Harwood, 80 Ill. 88; C. & N. W. Ry. Co. v. Dimick, 96 Ill. 42.

Messrs. William A. Young and Willitts & Johnson, for appellee.

We think the following authorities sustain this case and many of these are in the circumstances like case at bar. Schmidt v. C. & N. W. Ry. Co., 83 Ill. 405; Sterling v. Thomas, 60 Ill. 264; Champaign v. Patterson, 50 Ill. 61; Chicago v. Johnson, 53 Ill. 91; Springfield v. LeClare, 49 Ill. 476; Chicago v. Crooker, 2 Ill. App. 279.

The criticism and error assigned on the instructions is unwarranted. Appellants misconceive the scope of the first instruction. It simply states a plain proposition of law, and that if they found the fact, then appellant was liable, unless they found the other party was not exercising reasonable and ordinary care. It is not required that all the law on the subject be stated in each instruction, nor is it necessary to note all the exceptions to the rule. If the exceptions are covered in other instructions such an instruction will not be considered vicious. Stratton v. C. C. Horse Ry. Co., 95 Ill. 25; Peeples v. McKee, 92 Ill. 397.

The fifth instruction, it is claimed, in the use of the words, "a considerable time" is vicious. The words may not be the most appropriate to use, but we find the expression used by the Supreme Court in its opinions. Webster, in his definition of "considerable," says it means "noteworthy, of notice; requiring to be observed or attended to." That being the case, the jury certainly could not have been misled. Chicago v. Dalle, 115 Ill. 386; Springfield v. Doyle, 76 Ill. 202; Ill. Cent. R. R. Co. v. Shultz, 64 Ill. 172.

We submit that when the whole series of instructions are construed together, as they should be, the whole law has been covered, and that the jury could not have been misled.    Even though some of the instructions were faulty they were cured by the series.    Kendall v. Brown, 86 Ill. 387; T., W. & W. Ry. Co. v. Ingraham, 77 Ill. 309; Myer v. Mead, 83 Ill. 19; Aurora v. Gillett, 56 Ill. 132; Durham v. Goodwin, 54 Ill. 469.

WALL, J.    The appellee recovered a judgment against the appellant for $875 on account of injuries sustained by reason of a defective sidewalk.    There is no doubt that the plaintiff was injured and that the damages awarded are not unreasonably high, but upon the proof it is quite a close question whether she was exercising ordinary care and whether the defendant had notice, actual or constructive, of the defect in the walk.

The accident occurred about 5 o'clock in the afternoon of September 18, 1887.    While not a bright, sunshiny day it was not cloudy, and the hole in the walk, six inches wide and a foot or more in length, was plainly to be seen by any one who was observing.    The plaintiff's daughter, who was with her, saw the hole and stepped around or over it, but the plaintiff, failing to notice it, stepped into it and received the injury complained of.    It was, of course, the plaintiff's duty to use ordinary care to perceive the danger and avoid it.    It was necessary to so allege and prove as a condition of recovery. This was one of the affirmative features of her case and the burden was upon her to make it out by the weight or preponderance of the evidence.    In this connection complaint is made of the following instruction given for plaintiff:

1.    "The court instructs the jury that it is the duty of the city to make and keep its streets and sidewalks within the city in a reasonably safe condition for pedestrians to pass along and over the same in the prosecution of their reasonable and lawful avocations, either for business or pleasure ; and in this case, if the jury find that the defendant has failed and neglected to do so, then it is liable, unless they further find the plaintiff was not exercising reasonable and ordinary care in passing over said street or right of way."

It will be noticed that the instruction seems to fix liability upon the facts supposed, unless the jury find the plaintiff was not exercising reasonable and ordinary care, etc., as though this was a matter of defense, and apparently permitting the jury to shift the *onus* in this respect from plaintiff to defendant. The instruction is faulty for this reason, and for the further reason that it states it to be the absolute duty of the city to keep its streets in reasonably safe condition; whereas it is only required to use reasonable diligence to that end, and whenever a street becomes unsafe the city is not liable unless it has notice or unless such lapse of time has intervened, that in the exercise of reasonable care and diligence it would have known of the defect and might have made the necessary repairs. Dillon on Municipal Corporations, 2d Ed., Sec. 790; City of Chicago v. McCarty, 75 Ill. 602; City of Centralia v. Krouse, 64 Ill. 19.

Complaint is made also of the following instruction given at the instance of the plaintiff:

5. The court instructs the jury that it is the duty of the city to keep its streets and sidewalks in a reasonably safe condition for persons to travel over, and when a street and sidewalk on a public street gets out of repair, so that it is unsafe to travel upon, and so remains a considerable time, notice will be presumed and proof of actual notice will not be required. (Given.)

This is faulty for the reason assigned with reference to the first instruction, as to the non-absolute duty of the city and because it does not correctly state the rule with regard to notice. "A considerable time" is a very indefinite expression, and while it may be found in some judicial writings, yet it would hardly be admissible where the court is laying down a rule of law to a jury. As just observed the city is not liable where there is no actual notice, until there has been a sufficient length of time, that by the use of ordinary care the defect would have been ascertained. In the present case the evidence very strongly tends to prove that the walk in question had been relaid but a very short time before the accident; that it was the custom of the street commissioner to pass

over and inspect all the walks in the city on Friday and Sat-
urday of each week; that he probably did so in this case
(the accident occurring on Sunday), and that the break in the
walk was caused by a horse stepping upon or running over it.
The city thus made out a strong defense, against which the
proof, on the part of the plaintiff, was quite inconclusive,
if not positively weak. In such condition of the proof the
well-settled rule of the Supreme Court is that the instructions
should be accurate, and that there should be no conflict
between those given at the instance of the respective parties.
We are inclined to consider this a case where the rule should
be applied, and the judgment will therefore be reversed and
the cause remanded.

*Reversed and remanded.*