## CITY OF GALVESTON V. ALABAMA SMITH.

. No. 3055.

**Liability of City from Defective Streets, etc.—Notice.**—In cases where damages are sought for personal injuries caused by defective streets, sidewalks, etc., to render the municipal corporation liable there should be evidence showing that it had notice of such defect as caused the injury. The refusal to so charge the jury is ground for reversal.

APPEAL from Galveston. Tried below before Hon. Wm. H. Stewart. The opinion gives a statement.

*S. W. Jones,* for appellant.—Proof of actual notice to the defendant of the existence of defect in its streets, which caused the injury, or proof of facts and circumstances from which notice of the defect might reasonably have been inferred, was essential to the plaintiff's right to recover against the defendant, and in the absence of such proof the verdict of the jury has nothing to support it. City of Austin v. Ritz, 72 Texas, 391; Barbour v. City of Galveston, 62 Texas, 176; City of Chicago v. McCarthy, 75 Ill., 602; 15 Mich., 307; 2 Dill. on Mun. Corp., secs. 1020, 1025.

——————, for appellee.—It being the province of the jury to determine from the evidence the character and construction of the drain, the material of which it was made, and the ordinary effect of time and the elements upon such material, and having before them all the circumstances surrounding the case as developed by the evidence, the charge of the court was a correct exposition of the law of the case, and the question of notice properly left to the jury. Smith v. Railway, 18 Fed. Rep., 309; Galveston v. Posnainsky, 62 Texas, 118; Railway v. Greenlee, 70 Texas, 553; Railway v. Lee, 70 Texas, 496; Klein v. Dallas, 71 Texas, 285; Austin v. Ritz, 72 Texas, 399, 402, 403; Railway v. Timmerman, 61 Texas, 663; Railway v. Benson, 69 Texas, 409; Reed

v. Northfield, 13 Pick., Mass., 94; Hume v. New York, 47 N. Y., 639; Railway v. Brinker, 68 Texas, 500, 502; Charter of City of Galveston, sec. 34, p. 21 (amended Special Laws 1883).

HENRY, ASSOCIATE JUSTICE. — This suit was brought by the appellee to recover damages for personal injuries sustained by her caused by a defective covering of a culvert. Upon the verdict of a jury judgment was rendered in favor of the plaintiff for $600. Appellant contends that the court erred in refusing to give at its request the following charge:

"Notwithstanding the jury may believe from the evidence that the covering to the drain on which the plaintiff is alleged to have been injured had a loose plank thereon, and was by reason thereof defective, and that the injury to the plaintiff was the result of such defect, yet these facts alone would not be sufficient evidence of negligence on the part of the defendant. In order to charge the defendant with negligence it must appear from the evidence not only that the said covering to the drain was defective at the time of the alleged injury, but also either that such defect was actually known to the defendant through some of its officers or servants having charge of such matters, or that the defect had existed for such a length of time prior to the alleged injury that the city authorities, if exercising ordinary diligence, would or should have known of its existence."

We think that the propositions contained in the requested charge are correct when applied to suits against municipal corporations for damages.

This court said in the case of the City of Galveston v. Barbour, 62 Texas, 176: "In cases of this character, to render a municipal corporation liable there should be evidence showing that it had notice of such defect as caused the injury, for it can not be presumed that notice of every trifling defect exists." 2 Dillon on Mun. Corp., secs. 1024, 1025; City of Chicago v. McCarthy, 75 Ill., 602.

The Supreme Court of Michigan in the case of Dewey v. The City of Detroit (15 Mich., 313), says: "That minute daily inspection which is possible and necessary on a line of railroad, where a small break may endanger hundreds of lives, would be absurd and impracticable in relation to sidewalks. A city responsible as it must be only for the neglect of duties incumbent on its agents, can not be distinguished in its liabilities from individuals who might be intrusted with the same kind of duties. In this case the commissioner may be fairly regarded as representing the corporation. If a defect is found which he ought to have known, and which he has failed to repair within such reasonable time after such knowledge may be presumed to have reached him as under all the circumstances was sufficient to provide for such repairing, then there is good cause of action, but not otherwise."

In the case before us the evidence of the plaintiff was that the culvert on which she was crossing the street was covered with three planks; that one of them was loose, and when she stepped on the end of it it tipped up, causing her to fall into a shallow drain. There is in the record no evidence tending to show how the plank became loosened nor that it had been in that condition previous to the time of plaintiff's injury, and none to show that the city had notice of the defective condition of the culvert.

"The basis of the action against a municipal corporation is negligence. Notice to the corporation of the defect which caused the injury, or facts from which notice thereof may be reasonably inferred, or proof of circumstances from which it appears that the defect ought to have been known and remedied by it, is essential to liability." Dill. on Mun. Corp., sec. 1024.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered February 27, 1891.