I respectfully dissent to the perpetration of such a wrong.

**Lauro FLORES, Appellant,**

v.

**Mary M. LOGAN, Appellee.**

**No. 13249.**

Court of Civil Appeals of Texas.

San Antonio.

Nov. 13, 1957.

Rehearing Denied Dec. 11, 1957.

Glenn B. Lacy, Walter F. Rudeloff, San Antonio, for appellant.

W. Pat Camp, Wm. C. Church, Jr., San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Lauro Flores against Mary M. Logan, seeking to recover damages for an injury sustained by him when he dived into a swimming pool allegedly owned and operated by Mary M. Logan.

The trial began to a jury, but after Flores had rested his case Mary M. Logan made a written motion for a directed verdict in her favor. This motion was granted and judgment rendered on such instructed verdict that plaintiff take nothing, from which judgment Lauro Flores has prosecuted this appeal.

The instructed verdict was granted upon the ground that appellant was guilty of contributory negligence as a matter of law. The record shows that appellant did not introduce any evidence to show that Mary M. Logan was the owner or operator of the swimming pool or that she was connected with it in any way. That fact alone would have justified the granting of the motion for an instructed verdict. It is true that this was not the ground upon which the motion was granted, but, nevertheless, it is our duty to uphold the action of the trial court, if in fact the motion should have been sustained for a reason other than the one given by the trial court.

Whether or not appellant was guilty of contributory negligence, as a matter of law,

presents a very intricate and difficult question under all the facts here, but in view of the fact that appellant failed to make out a prima facie case in that he did not show that appellee was in any way connected with the swimming pool, we do not deem it necessary to pass upon the question of contributory negligence.

The judgment of the trial court is affirmed.