**CITY OF SAN ANTONIO, Appellant,**

v.

**Homer ESQUIVEL et al., Appellees.**

**No. 3644.**

Court of Civil Appeals of Texas.

Eastland.

July 21, 1961.

Rehearing Denied Sept. 15, 1961.

Carlos C. Cadena, City Atty., San Antonio, for appellant.

Arthur A. Domangue, San Antonio, for appellee.

WALTER, Justice.

This is a damage suit by Homer Esquivel, individually, and as next friend for his minor daughter, Teresa, against the City of San Antonio for injuries sustained by the minor when a city sidewalk collapsed while she was walking on it. In a non-jury trial, the court rendered judgment in favor of the Esquivels for $3,000.

The City has appealed, contending the evidence shows conclusively that plaintiff's damages resulted from an unavoidable accident and that there was no evidence, and insufficient evidence, that it was guilty of negligence which was a proximate cause of plaintiff's damages.

The evidence establishes the following: that on August 6, 1958, at approximately one o'clock in the afternoon, Teresa Esquivel, who was eleven years of age and weighed approximately 83 pounds, was walking on the sidewalk area provided for pedestrians on West Houston Street in the City of San Antonio; that Teresa stepped on a manhole cover located in the sidewalk and the sidewalk and manhole cover gave way under her, which caused her to fall into the opening below the manhole cover and into the storm sewer under the sidewalk; that the sidewalk and storm sewer drain under it belonged to the City and is subject to the control and maintenance and repair of said City; that the City does not know when the sidewalk and storm sewer drain, or the manhole cover were built; that the City does not know when the sidewalk, storm sewer drain and manhole cover were last inspected; that there had been no inspection by the City for at least two years prior to the accident. Based on this evidence, the Court found that the City was negligent in failing to keep the sidewalk, storm sewer drain and manhole cover in a reasonably safe condition for school children and pedestrians. The court also found that the City was negligent in failing to inspect the area in question for at least two years prior to the date of the accident and found that these two acts of negligence were each a proximate cause of the accident.

We hold the Esquivels produced some evidence of probative force on the issues of the City's failure to keep the sidewalk, storm sewer drain and manhole cover in a reasonably safe condition for pedestrians and school children and in failing to inspect the area for at least two years prior to the date of the accident. We also hold there was some evidence of probative value to support the findings that these two acts of negligence were each a proximate cause of the accident.

This court is without authority to substitute its findings of fact for those of the trial court if there is any evidence of probative value to sustain the court's findings. Cavanaugh v. Davis, 149 Tex. 573, 235 S.W.2d 972.

We have examined all of appellant's points and find no merit in them. They are overruled.

Judgment affirmed.