CITY OF SAN ANTONIO, Petitioner

V.

HOMER ESQUIVEL, INDIVIDUALLY AND AS NEXT FRIEND OF HIS
MINOR DAUGHTER, TERESA ESQUIVEL, Respondents

No. A-8665. Decided February 7, 1962

353 S.W. 2d 410

*Crawford B. Reeder,* City Atty., *Arthur C. Troilo, Jr.,* Asst. City Atty., San Antonio, for petitioner.

*Arthur A. Domangue,* San Antonio, for respondents.

JUSTICE CULVER delivered the opinion of the Court.

The respondent, Esquivel, brought this suit individually and in behalf of his minor daughter eleven years of age, against the City of San Antonio for damages, alleging an injury to the child caused by the collapse of a sidewalk on which she was walking.

The trial judge found that the City of San Antonio was negligent in failing to keep the sidewalk and storm sewer in a reasonably safe condition and also negligent in failing to inspect the premises for at least two years prior to the time of the accident. The judge further found that each of these acts of negligence was a proximate cause of the injury sustained. As a matter of law he concluded that the doctrine of res ipsa loquitur is not applicable to the facts in this case. Judgment was accordingly entered for the respondent and the Court of Civil Appeals has affirmed. 349 S.W. 2d 295.

The City maintains that there is no evidence to support the findings of the trial court, namely, that the failure to keep the sidewalk in a reasonably safe condition was negligence and that the failure to inspect was a proximate cause. By his cross point respondent urges that the trial court erred in concluding that the doctrine of res ipsa loquitur does not apply. We agree with the contentions of the City and with the trial court's action in rejecting the application of res ipsa loquitur. Therefore the cause must be reversed.

The evidence shows that the portion of the sidewalk in question lay over a storm sewer and had been constructed some years before. The record is wholly silent as to what caused the sidewalk to collapse nor does it appear that prior to the collapse there were any visible defects. It is shown that there had been no inspection by the agents of the City for at least two years.

■ The rule of evidence, generally known as res ipsa loquitur, cannot be invoked in this case because the City does not have exclusive control over its sidewalks. San Juan Light & Transit Co. v. Requena, 224 U. S. 89, 32 S. Ct. 399, 56 L. ed. 680; Wichita Falls Traction Co. v. Elliott, 125 Texas 248, 81 S.W. 2d 659; Honea v. Coca Cola Bottling Co., 143 Texas 272, 183 S.W. 2d 968; Washington v. Missouri, K. & T. Ry. Co., 90 Texas 314, 38 S.W. 764. For, as said in Morrow v. City of Harlan, —— Ky. ——, 344 S.W. 2d 401, there is great opportunity for intervening and independent causes.

It is a well recognized rule of law that before a city may be held liable for injury caused by a defect in the city sidewalks or street the City must have had actual or constructive notice of such defect. Hanks v. Port Arthur, 121 Texas 202, 48 S.W. 2d 944, 1932; Texas Co. v. Grant, 143 Texas 145, 182 S.W. 2d 996, 1944; City of Fort Worth v. Lee, 143 Texas 551, 186 S.W. 2d 954, 1945. Here the City had no notice of either character.

It is not known what the defect was nor how long it had existed. In apt language, the law in this respect is stated in City of Galveston v. Smith, 80 Texas 69, 15 S.W. 589:

"\* \* \* In order to charge the defendant (City) with negligence, it must appear from the evidence, not only that the said covering to the drain was defective at the time of the alleged injury, but also either that such defect was actually known to the defendant, through some of its officers or servants having charge of such matters, or that the defect had existed for such a length of time prior to the alleged injury that the city authorities, if exercising ordinary diligence, would or should have known of its existence."

In that case the suit was brought to recover damages for personal injuries caused by a defective covering over a culvert, quite similar to the facts in the case here.

■ Conceding that there exists a duty on the part of the City of San Antonio to inspect the condition of the many miles of streets and sidewalks within the city limits, in order for the failure to perform that duty to constitute a proximate cause of the injury in such a case as this, it must be shown that such a reasonable inspection would have disclosed the defect that existed. Since there was a total absence of any evidence showing or tending to show the nature of the defect or how long it had existed, it cannot be said that, had the City made a reasonable inspection from time to time, the defects would have been discovered.

The judgments of the courts below are reversed and judgment rendered that the plaintiff take nothing.

Opinion delivered February 7, 1962.