**R. R. HUTSON et al., Appellants,**

**v.**

**CITY OF HOUSTON, Appellee.**

**No. 23.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Sept. 13, 1967.

Rehearing Denied Oct. 11, 1967.

MacNaughton, Brady & Marlatt, Thomas O. McWhorter and Eugene Brady, Houston, for appellants.

Wm. A. Olson, City Atty., Homer T. Bouldin, Trial Supervisor, and Joseph G. Rollins, Senior Asst. City Atty., Houston, for appellee.

JOHNSON, Justice.

This is a suit by R. R. Hutson and wife, Jewel Evon Hutson for personal injuries sustained by the said Jewel Evon Hutson and for property damage to the automobile of the said plaintiffs; the suit is further by Ralph Billings, Jr., who was a minor at the time of the institution of the suit but who is now an adult and Ralph Billings, individually, for personal injuries sustained by the said Ralph Billings, Jr.

The claimed injuries and damages resulted when the frame of an automobile in which the plaintiffs were riding collided with a sanitary manhole casing which protruded from the surface of the traveled portion of a public street in the limits of the City of Houston. The case was tried before a jury and at the conclusion of plaintiff's testimony, the defendant moved the court to withdraw the cause from the jury and to render a judgment for the defendant, City of Houston, against all of the plaintiffs which motion was sustained. Judgment was entered for the defendant on the ground that the notices filed by the plaintiffs with the City of Houston were insufficient to comply with Article IX, Section 11 of the Charter of the City of Houston. It is from the aforesaid judgment that the appellants, plaintiffs below, have perfected appeal.

It is apparently undisputed in the testimony that in the early evening or semi-darkness of the day in question, an automobile being driven by the plaintiff, R. R.

Hutson, in which Jewel Evon Hutson and Ralph Billings, Jr., and the two Hutson children were riding, was proceeding north on Lake Street in the City of Houston approaching the intersection of Lake Street and Richmond Avenue. As the automobile approached the intersection at a slow rate of speed and with its lights on, the driver saw an obstruction protruding from the surface of the street near the center of the traveled portion thereof, and to prevent his left front wheel from striking the object, he suddenly turned his car to the left so that the wheel of his automobile would not hit it. However, the object was too high for the body of the car to clear it and the "A-frame" of the car struck the object, which was subsequently determined to be a manhole casing. According to plaintiff's testimony, the collision caused the automobile to stop suddenly throwing the passengers about in the automobile and producing the injuries and damages complained of. The manhole casing protruded approximately six inches above the dirt surface of the street, according to the testimony of the police officer who investigated the accident.

Article IX, Section 11, of the Charter of the City of Houston regarding the notice of claims against the City for damages provides as follows:

"Before the City of Houston, shall be liable for damages of any kind, or for injuries to or destruction of property of any kind, the person injured * * * shall give the Mayor and City Council notice in writing of such injury or destruction, duly verified, within 90 days after the same has been sustained, stating in writing such notice when, where, and how the injury or destruction occurred * * *"

■ Pursuant to this provision of the Charter of the City of Houston, the plaintiffs filed their notices of claim with the City's Secretary's office. The notices of claim state that the automobile in which plaintiffs were riding "was abruptly and suddenly halted by a fixed object in the middle of the said Lake Street, to-wit: a manhole, said object protruding upwards, leaving insufficient space for an automobile to pass over it" and that the impact caused the plaintiffs to be thrown violently about in the automobile causing the personal injuries complained of. Included in Article IX, Section 11 of the Charter of the City of Houston is the requirement that the notice state "Where and when and how the injury or destruction occurred."

In the case at bar there is no question of variance of the notices as was presented in Ramundo v. City of San Antonio, Sup., 416 S.W.2d 395. See particularly the analysis of this point in the San Antonio Court of Civil Appeals opinion in the City of San Antonio v. Ramundo, 411 S.W.2d 428. No contention was made that the notices were not timely or that they did not sufficiently state "when" and "where" the claimed injury or destruction occurred. The sufficiency of the notice to comply with the "how" requirement of Article IX, Section 11 of the Charter of the City of Houston was contested and it was on this ground that the trial court's judgment for the defendant was entered. The court's judgment recites that " * * * The court being of the opinion that such motion should be sustained on the grounds stated in such motion that the claims filed by plaintiffs Jewel Evon Hutson and Ralph Billings, Jr. with the Mayor and City Counsel of the City of Houston were insufficient to comply with Article IX, Section 11 of the Charter of the City of Houston, and only upon such grounds, and that judgment should be for the defendant, City of Houston * * *."

■ The purpose of the notice provision in the City Charter is to give the City an opportunity to investigate while the facts are fresh and conditions remain substantially the same, thereby enabling the City to guard against fraudulent and unfounded claims and to settle the claim or prepare for trial. City of Waco v. Landingham, Tex.Civ.App., 158 S.W.2d 79, err. ref.; City of Houston v. Holden, Tex.Civ.App., 336 S.W.2d 193; err. ref., n. r. e.

In this instance, the notice states facts from which a conclusion of negligence can clearly be drawn. It is not necessary that the legal consequences of such facts be set out. City of Houston v. Hagman, Tex. Civ.App., 347 S.W.2d 355, err. ref., n. r. e. Nothing of benefit to the City would have been added by stating in words that the City was "negligent" in causing and permitting such obstruction to be and continue within the traveled portion of the street. If true, the facts set out in the required notice gave the City full notice as to "how" the injuries occurred. Nothing more is required.

As the court stated in the City of Houston v. Watson, 376 S.W.2d 23 (Tex.Civ.App. 1964 err. ref., n. r. e.) at p. 29, "The provisions of the City Charter are not such as to require the injured party to state the acts and omissions of negligence he expects to rely upon in court with the same particularity and meticulosity that may be required in the pleadings. 62 A.L.R.2d 340, at 403; City of Houston v. Holden, Tex.Civ.App.1960, 336 S.W.2d 193, writ. ref., n. r. e.; Perry v. City of San Diego, 80 Cal.App.2d 166, 181 P.2d 98."

As the court stated in Hagman, "There must at least be substantial compliance with the statute. The description of the cause or circumstances of the injury must be sufficient to direct attention with reasonable certainty to the substantial defect or act of negligence for (which) such recovery is demanded. 43 C.J. 1200." We hold in the instant case that the notification given to the City of Houston substantially complied with the statute, did so with reasonable certainty and was sufficient.

■ It is fundamental, however, that before a City may be held liable for an injury caused by a defect in the street, the City must have had actual or constructive notice of such defect. City of San Antonio v. Esquivel, 163 Tex. 222, 353 S.W.2d 410. (Tex.Supp.1962); City of Houston v. Watson, 376 S.W.2d 23, (Tex.Civ.App.1964, err. ref., n. r. e.).

■ In this instance the record reveals an approximate six-inch protrusion of the manhole casing in the street and nothing more. There is no showing as to the length of time the condition existed or might have existed. There is no showing as to who or what caused or might have caused the condition. There is no testimony of any previous incidents or accidents at the location of the street and no evidence to indicate that the City had been informed in any way or had any knowledge whatsoever of the condition. The only testimony on this subject was contained in the answer to an interrogatory which was to the effect that the condition on the street was "good as far as known to the defendant" and that the defendant had no knowledge of the street being under repair at the time.

The record is likewise devoid of any testimony that would impute implied or constructive notice to the defendant. The record is silent on how long the condition existed or might have existed and there is no indication in the record that those charged with the supervision and superintendence of the street could, by the exercise of reasonable care and diligence, have known of the defective condition. 40 Tex. Jur.2d, pp. 328–331, §§ 639, 640.

■ As the plaintiff did not meet the fundamental burden of proof, the directed verdict as requested by the defendant in his motion after plaintiff rested, was proper. This is true even though the reason assigned by the court for the judgment was erroneous. Lance v. City of Mission, 308 S.W.2d 546 (Tex.Civ.App.1958, error ref. n. r. e.); Anthony v. Creech, 303 S.W.2d 414 (Tex. Civ.App.1967, error dism.); Flores v. Logan, 307 S.W.2d 813 (Tex.Civ.App.1957, error ref. n. r. e.).

The judgment of the trial court is affirmed.