Jacqualine O'PRY, Appellant,

v.

CITY OF DALLAS et al., Appellees.

No. 8054.

Court of Civil Appeals of Texas, Texarkana.

July 7, 1971.

Rehearing Denied Oct. 5, 1971.

Lonnie C. McGuire, Jr., McGuire & Levy, Irving, for appellant.

T. Alex Eastus, John H. Marks, Jr., Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellees.

CHADICK, Chief Justice.

Mrs. Jacqualine O'Pry was injured and her automobile damaged when she drove the vehicle headfirst into a hole at surface level as she was making a turn to enter a parking area in front of Ryder Truck Rental, Inc.'s business office on Industrial Boulevard in the City of Dallas, Texas. She was on a business errand to the firm's office to make a rental payment. It was raining at the time of the mishap, and the hole, which she described as being 3 feet deep, 3 feet wide, and 10 feet long, was completely filled with water.

Mrs. O'Pry sued the City of Dallas and Ryder Truck Rental, Inc., jointly and severally, alleging that such parties "were and are guilty of the following acts of negligence, each and all of which were the proximate cause of the Plaintiff's damages as hereinafter set out, to-wit:

1. Failure to fill in the hole;

2. Failure to remove water from the hole;

3. Failure to maintain the pavement surface in a safe condition;

4. Failure to warn Plaintiff of the dangerous condition to-wit: the deep hole;

5. Failure to enclose the hole with protective material so as to prevent Plaintiff's automobile from falling into the hole."

Recovery of damages was sought on the theory that the City of Dallas was liable because the mentioned hole was in the street

right-of-way owned by the City of Dallas, as well as being located in a driveway constructed by Ryder Truck Rental, Inc., between the street and, a parking area maintained by that firm for its customers. At the conclusion of the presentation of Mrs. O'Pry's case in chief, the defendants moved separately for an instructed verdict. The motions were granted, and a take-nothing judgment was rendered denying Mrs. O'Pry a recovery.

The record is silent as to the authority or arrangement that allowed Ryder Truck Rental, Inc., to construct a driveway for its parking area over a part of the street right-of-way. The record merely shows the existence of such driveway. The location of the offending hole was a sharply contested issue in the trial court, but for the purpose of determining liability under the factual situation presented by the record, it will be assumed that the hole was in the surface of the street right-of-way, as well as in the surface of the driveway.

With respect to liability on the part of the City of Dallas, a relatively recent case, City of San Antonio v. Esquivel, 163 Tex. 222, 353 S.W.2d 410 (1962) states the rule applicable, viz: "It is a well recognized rule of law that before a city may be held liable for injury caused by a defect in the city sidewalks or street the city must have actual or constructive notice of such defect." In the same opinion this excerpt from City of Galveston v. Smith, 80 Tex. 69, 15 S.W. 589, is quoted with approval:

" ' * * * in order to charge the defendant [City] with negligence, it must appear from the evidence, not only that the said covering to the drain was defective at the time of the alleged injury, but also either that such defect was actually known to the defendant, through some of its officers or servants having charge of such matters, or that the defect had existed for such a length of time prior to the alleged injury that the city authorities, if exercising ordinary diligence, would or should have known of its existence.' "

Quite similarly, liability on the part of Ryder Truck Rental, Inc., depended on proof that such party created the offending hole or had knowledge, actual or constructive—of the existence of the hole before the accident occurred. Seideneck v. Cal Bayreuther Associates, 451 S.W.2d 752 (Tex.Sup.1970); Robert E. McKee, General Contractor, Inc., v. Patterson, 153 Tex. 517, 271 S.W.2d 391 (1954); see also J. Weingarten, Inc., v. Bradshaw, 438 S.W. 2d 435 (Tex.Civ.App. Houston 1st 1969, er. ref'd, n. r. e.).

Mrs. O'Pry offered no evidence proving or tending to prove that either the City of Dallas or Ryder Truck Rental, Inc., knew, or by the exercise of reasonable care could have discovered the existence of the offending hole prior to the mishap. Such actual or constructive knowledge was prerequisite to liability for her injury. This conclusion requires that the judgment of the trial court be affirmed and renders unnecessary a discussion of other questions presented in the appeal.