Brenda Joyce **WILLIAMS, Appellant,**

v.

**CITY OF DALLAS, Texas, Appellee.**

No. 08–81–00115–CV.

Court of Appeals of Texas, El Paso.

May 19, 1982.

Rehearing Denied June 23, 1982.

Robert W. Hartson, Inc., Robert W. Hartson, Dallas, for appellant.

Patrick A. Teeling, Asst. City Atty., Dallas, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

OSBORN, Justice.

This is an appeal from a directed verdict in a suit for personal injuries which Appellant sustained when she fell into a storm sewer in the City of Dallas. We reverse and remand for a new trial.

The Appellant was walking home at approximately 8:30 p.m. on October 10, 1978, when a car came down the street. She stepped out of the street and up on a concrete water sewer drain and took about two steps and fell. She testified the metal cover over the drain was not in place and she fell into the drain, injuring her leg, stomach and back. She said it was very dark and she had no warning of the danger she encountered. Jacquine Turner, who lived in a house on the corner where the sewer drain was located, testified the cover had been off for four months. She also testified that some City employees had been to this location where the drain was located during the time the cover was off.

The single issue presented is whether proof of the absence of the drain cover for a period of four months is sufficient to raise a fact issue as to the City's negligence in failing to discover and remedy the defect. We conclude a fact issue was raised.

■ The operation of a storm sewer system is not the exercise of a strictly governmental function, but is primarily for the benefit of that portion of the public within the corporate limits of the city and is a proprietary activity. *Dilley v. City of Houston*, 148 Tex. 191, 222 S.W.2d 992 (1949); 40 Tex.Jur.2d Rev. Part 1, Municipal Corporations, Section 689 (1976). The Texas Tort Claims Act, Article 6252–19, does not apply to the proprietary function of a municipality. Therefore, a city is liable under the common law for its negligence in the performance of a proprietary function. *Turvey v. City of Houston*, 602 S.W.2d 517 (Tex.1980).

■ The Appellee in this case relies primarily upon the holding in *City of San Antonio v. Esquivel*, 163 Tex. 222, 353 S.W.2d 410 (1962), to support the judgment of the trial court. That case is easily distinguished. In his opinion, Justice Culver said:

Since there was a total absence of any evidence showing or tending to show the nature of the defect or how long it had existed, it cannot be said that, had the city made a reasonable inspection from time to time, the defects would have been discovered.

In our case, Miss Turner testified that the cover was off this particular drain for four months. Although there may be some in-

consistencies in her testimony, on an appeal from a directed verdict we must consider all of the evidence in its most favorable light in support of the plaintiff's position and discard all contrary evidence and inferences. *Henderson v. Travelers Insurance Company*, 544 S.W.2d 649 (Tex.1976); *Tryad Service Corporation v. Machine Tool Center, Inc.*, 512 S.W.2d 785 (Tex.Civ.App.—Houston [14th Dist.] 1974, writ ref'd n.r.e.).

When we consider the evidence and inferences most favorable to the Appellant's position, we conclude that the cover was off for four months, that the condition was observed during this time by City employees, but even without any actual knowledge of the danger a fact issue is raised as to whether a reasonable inspection would have disclosed the defect. Certainly, the evidence raised a fact issue which would require the jury to decide. We cannot reach the same results as did the court in *Esquivel, supra*, where there was a "total absence of any evidence showing or tending to show * * * how long [the defect] had existed." The issue of whether the City breached its duty of exercising ordinary care was for the jury, and the evidence raised a fact issue as to whether it would have discovered the unsafe condition in the exercise of that duty. *City of Wichita Falls v. Ramos*, 596 S.W.2d 654 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n.r.e.).

The Appellee also contends that there is no proof that this drain was within the right-of-way and was one maintained by the City. That contention may be correct, but the issue was not raised by the motion for instructed verdict which the trial court granted. We sustain Appellant's Point of Error No. 1.

The judgment of the trial court is reversed, and the case is remanded to that court.